Francis DOONAN, Individually and as Minority Member of Rio Grande Tool & Stamping, and Michele Doonan, Appellants,

v.

Larry C. WOOD, Joy C. Helbing, Woodven, L.P., and Woodven Texas Corporation, Appellees.

No. 08–04–00016–CV.

Court of Appeals of Texas, El Paso.

July 7, 2005.

Michael Cohen, Law Office of Michael Cohen, El Paso, for appellants.

Antonio Martinez Jr., Firth, Johnston & Martinez, Ken Slavin, Kemp Smith, P.C., Angela Morrow Nickey, Robles, Bracken, Coffman & Hughes, L.L.P., Jaime Olivas, El Paso, for appellees.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

DAVID WELLINGTON CHEW, Justice.

This is an appeal from a grant of a summary judgment. Appellants sued Appellees for breach of fiduciary duty, conspiracy, and alter-ego for damages. Appellees moved for a no-evidence summary judgment, and it was granted as to all claims. In four issues, Appellants appeal the trial court's granting of the summary judgment in favor of Appellees. We affirm.

On May 15, 1995, Conrad Moore and Francis G. Doonan formed Rio Grande Tool & Stamping, L.L.C. Mr. Moore owned 51 percent of the interests and Mr.

Doonan owned a 40 percent interest. Rio Grande was formed to provide custom tooling and precision metal stamping for the maquila industry in Juarez, Mexico. From the onset, Rio Grande was not successful, incurring operating losses of $630,172 and a debt of $589,966 between May 15, 1995 and July 31, 1997. In the spring of 1997, Sunwest Bank gave Rio Grande notice that it would not renew Rio Grande's operating line of credit forcing Rio Grande to find new financing. Mr. Moore contacted his long time acquaintance Larry C. Wood.

Mr. Larry Wood and his brother Donald Wood had recently formed an investment company named Woodven, L.P., ("Woodven"). Woodven is a Texas limited partnership, whose general partner is Woodven Texas Corp. Larry and Donald are the only shareholders of Woodven Texas Corp., and the only limited partners of Woodven. Larry Wood was the president, secretary, treasurer, and director of Woodven Texas Corp. Joy C. Helbing was the vice president and director of Woodven Texas Corp.

On October 7, 1997, Woodven made a term loan of $500,000 and granted a line of credit of $700,000 to Rio Grande. Mr. Moore and Mr. Doonan offered Woodven an option to purchase 34 percent membership interest in Rio Grande. As security for the loans, Woodven was granted a security interest in all of Rio Grande's assets. Mr. and Mrs. Moore and Mr. and Mrs. Doonan also personally guaranteed the debt.

On November 6, 1997, Woodven exercised its option to acquire a 34 percent interest in Rio Grande. The equity interests in Rio Grande became: Woodven, L.P.—34 percent; Moore—33.66 percent; and Doonan—32.34 percent.

Mr. Moore withdrew as an officer of Rio Grande in March 1998. Mr. Moore's personal guaranty was extinguished. Larry Wood was then elected Chief Executive Officer and Joy Helbing was elected Chief Financial Officer of Rio Grande. On September 30, 1998, Mr. Moore's interest in Rio Grande was conveyed to Woodven.

Mr. Doonan was Rio Grande's Chief Operating Officer. His responsibilities included procuring business through the use of his expertise and skill as a master die and toolmaker utilizing his own designs and running the day to day production of the business. In mid April 2001, Mr. Doonan quit. Almost a year later, Woodven foreclosed its security interest in the assets of Rio Grande and the assets were sold in a private sale to Woodven.

Woodven then contributed the purchased assets as the capital to form RGTS, L.L.C., a Texas limited liability company, that was wholly owned by Woodven. On September 29, 2003, Woodven sold the assets to an unrelated third party.

■ In Issue One, Appellants argue that the trial court erred in granting the Appellees' motion for no-evidence summary judgment when the motion was defective because it contained only global and conclusory statements. Appellants allege that the motion lists the essential elements of the raised causes of action and generally asserts that there is no evidence to support the elements. They allege that "this constitutes the impermissible making of a 'general no-evidence challenge to an opponent's case.'" Appellees argue that the motion was not defective because it specified the elements of each claim lacking evidentiary support.

Texas Rules of Civil Procedure 166a(i) states in part:

> After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential ele-

ments of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence.

See TEX.R.CIV.P. 166a(i).

In this case, Appellees' motion for summary judgment alleges that Appellants have not demonstrated any evidence to support their causes of action based on breach of fiduciary duty, conspiracy, and alter ego. Our review shows that the motion specifically enumerated each of the elements of the causes of action as to which there is no evidence. We thus find that Appellees no-evidence motion for summary judgment was not defective. We therefore overrule Appellants' Issue One.

Issues Two, Three, and Four pertain to the question of whether Appellants presented more than a scintilla of evidence of all the essential elements of Appellants' claim, and if so, whether the trial court erred in granting Appellees no-evidence summary judgment.

■ A no-evidence summary judgment is essentially a pretrial directed verdict and as such, we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Wyatt v. Longoria*, 33 S.W.3d 26, 31 (Tex.App.-El Paso 2000, no pet.). The party seeking a no-evidence summary judgment must assert that there is no evidence of one or more essential elements of a claim or defense on which the nonmovant would have the burden of proof at trial. *See* TEX.R.CIV.P. 166a(I). The movant must specifically state the elements as to which there is no evidence. *See* TEX.R.CIV.P. 166a(i). The burden then shifts to the non-movant to produce evidence raising a fact issue on the challenged elements. *See id.* To raise a genuine issue of material fact, the non-movant must set forth more than a scintilla of

probative evidence as to an essential element of the non-movant's claim or defense. *See id.; Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997), *cert. denied*, 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). More than a scintilla of evidence exists when the evidence " 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.' " *Havner*, 953 S.W.2d at 711. Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of the existence of a fact, and the legal effect is that there is no evidence. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983). In reviewing a no-evidence summary judgment ruling, we view the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *Havner*, 953 S.W.2d at 711.

In Issue Two, Appellant argues that the trial court erred in granting the Appellees' motion for no-evidence summary judgment since Appellants presented more than a scintilla of evidence of all the essential elements of a claim for breach of fiduciary duty. Specifically, Appellants assert that they presented evidence regarding the existence of a fiduciary relationship between them and Woodven, L.P., Larry Wood, and Joy Helbing. They further argue that sufficient evidence was presented regarding the breach of such fiduciary duty and the damages resulting from that breach. In a related point, in Issue Three, Appellants further extend the damages argument.

■ In their brief, Appellants discuss the issues as they related to Mr. Doonan, but fail to address how Mrs. Doonan was owed a fiduciary duty, how that duty was breached, and what damages resulted from that breach. We agree with Appellees' assertion that Mrs. Doonan was owed no

fiduciary duty. In order to recover on her breach of fiduciary duty claim, one of the elements Mrs. Doonan must establish is that Appellees were Mrs. Doonan's fiduciaries. *See Myer v. Cuevas,* 119 S.W.3d 830, 836 (Tex.App.-San Antonio 2003, no pet.). Fiduciary duties arise either from certain formal relationships that are recognized as fiduciary as a matter of law, or from the existence of an informal, "confidential" relationship between the parties. *Insurance Co. of N. Am. v. Morris,* 981 S.W.2d 667, 674 (Tex.1998). The existence of a confidential or fiduciary relationship is ordinarily a question of fact, and the issue only becomes a question of law when it is one of no evidence. *Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.,* 823 S.W.2d 591, 594 (Tex.1992). A party asserting breach of fiduciary duty must establish the existence of a confidential or similar relationship giving rise to a fiduciary duty. *See Bado Equip. Co., Inc. v. Bethlehem Steel Corp.,* 814 S.W.2d 464, 475 (Tex.App.-Houston [14th Dist.] 1991, no writ). Appellants have failed to present any evidence regarding a fiduciary duty owed to Mrs. Doonan nor do they point to any case law that would establish such a relationship. As such, we hold that with respect to Mrs. Doonan, there was no fiduciary duty that was breached and as such, the no-evidence motion for summary judgment was properly granted.

█ The Appellees' begin their response by stating that the Appellants failed to meet their burden in their response to the summary judgment motion. They argue that as this Court stated in *Walton v. City of Midland,* 24 S.W.3d 853, 858 (Tex.App.-El Paso 2000, no pet.), it was not the trial court's burden to sift through the record to find Appellant's evidence for him. We point out however, that in *Walton,* the record before the trial court was over 500 pages. *Id.* The record

in this case differs from *Walton* in that Appellants' exhibits is half that size. Nevertheless, we are mindful that we are not required to search the record without any guidance from Appellants to determine whether they had produced evidence raising a genuine issue of material fact on the elements challenged by Appellees. *See Nawas v. R & S Vending,* 920 S.W.2d 734, 737 (Tex.App.-Houston [1st Dist.] 1996, no writ).

Appellees' argue that even if Mr. Doonan was owed a fiduciary duty, the facts specified in the response do not raise a material fact issue on whether the Appellees breached any fiduciary duty that caused the Appellants any damage. We agree with Appellees.

█ In its brief, Appellants argue that Appellees breached their fiduciary duty in the following ways: (1) by enforcing the personal guarantees for loans from Woodven, L.P. to Rio Grande Tool & Stamping, which they argue was in violation of Article 3.07 of the regulations adopted by Rio Grande; (2) excluding Mr. Doonan from a meeting that took place between Mr. Wood, Ms. Helbing, Mr. Moore, and Mr. Moore's attorney Jerry Keith in which Mr. Moore was released from his personal guarantee on the loan made by Woodven to Rio Grande and Mr. Wood took the Rio Grande stock he held and became majority shareholder; (3) his removal as authorized signer from Rio Grande's Norwest Bank account; (4) by Mr. Doonan being told to "get out or you'll be taken out of here in handcuffs" in April 2001; and (5) by the foreclosure on Rio Grande's assets and of Mr. Doonan's interest which was the collateral used for securing the loan Rio Grande received from Woodven. We find that the evidence does not raise a genuine issue of material fact of a breach of fiduciary duty. We conclude that such actions were taken for legitimate business reasons

rather than for the fiduciary to profit by taking advantage of its position. *See Bohatch v. Butler & Binion,* 977 S.W.2d 543, 550–53 (Tex.1998). As such, we overrule Issue Two. In finding that there was no breach of fiduciary, we do not need to address the issue of damages resulting from such breach. We therefore overrule Issue Three.

In Issue Four, the Appellants argued that the trial court erred in granting the Appellees' motion for no-evidence summary judgment since the Appellants presented more than a scintilla of evidence of all the essential elements of a claim for conspiracy. After reviewing the record, Appellants failed to respond to the conspiracy claim portion of the no-evidence summary judgment motion. A no-evidence summary judgment is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* Tex.R.Civ.P. 166a(i); *Havner,* 953 S.W.2d at 711. Appellants failed to direct the trial court to any evidence on the cause of action of conspiracy. We overrule Issue Four.

In a cross-point, Appellees argue that Appellants' summary judgment proof was not timely filed and cannot be considered. Tex.R.Civ.P. 166a(c), allows for summary judgment evidence to be filed late, but only with leave of court. Summary judgment evidence must be filed no later than seven days prior to the day of the hearing. *See* Tex.R.Civ.P. 166a(c), (d). The no-evidence summary judgment hearing was held on November 21, 2003. On November 14, 2003, Appellants timely filed a response to Appellee's no-evidence summary judgment motion, but did not attach any evidence. On November 17, 2003, four days

before the summary judgment hearing, Appellants' filed an Appendix to their response to the Appellees' Motion for No–Evidence Summary Judgment. The record does not indicate that the Appellants obtained leave of court to file this evidence. However, the Appellants have submitted a postmark date of November 14, 2003. As such, under Tex.R.Civ.P. 5, Appellants Appendix was timely filed and therefore, leave of court was not necessary. Therefore, Appellees' cross-point is overruled.

We affirm the trial court's judgment.