COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS





YOLANDA GALLARDO and

ENRIQUE GALLARDO,


 Appellants,


v.


J.C. PENNEY CORPORATION, INC. and
IRMA GARCIA,


 Appellees. 

§


 


§


 


§


 


§


 


§



§

No. 08-06-00137-CV



Appeal from


 County Court at Law No. 3


of El Paso County, Texas


(TC # 2003-5453)




O P I N I O N



 Yolanda and Enrique Gallardo appeal a no-evidence summary judgment granted in favor of
J.C. Penny Corporation, Inc. and Irma Garcia. For the following reasons, we affirm.

BACKGROUND


 On December 27, 2001, the Gallardos went shopping at J.C. Penny's. They purchased a few
items and, as they began to leave the store, employee Irma Garcia confronted them and accused them
of stealing a pair of pants. According to the Gallardos' original petition, Garcia searched their bags
but did not find any stolen goods. The Gallardos were then taken to the store office and detained. 
Enrique was subsequently arrested. 

 The couple filed suit on December 18, 2003, alleging that they were illegally, wrongfully,
and maliciously detained and subjected to an intentional infliction of emotional distress. At the time
of filing, the Gallardos were represented by attorney Coll Bramblett. On February 10, 2004, Richard
Zamora made an entry of appearance as counsel for Yolanda. Then on October 21, 2005, the
Gallardos filed a pro se motion to disqualify Bramblett. Shortly thereafter, both Bramblett and
Zamora filed motions to withdraw as attorneys of record, which the trial court granted. Summary
judgment was granted on February 22, 2006, and this pro se appeal follows.

 The Gallardos contend the trial court erred in granting summary judgment because the court
did not consider their motion for continuance; their medical problems arising from an accident; their
inability to adequately represent themselves or find an attorney to handle their case; their inability
to pay for an attorney; their ignorance of summary judgment and trial procedure; their physical
hardships, disabilities, and emotional problems; their controverting evidence; or anything they had
to say. (1) 

MOTION FOR CONTINUANCE


 On February 16, 2006, the trial court held a hearing on the no-evidence motion for summary
judgment. The Gallardos did not file a response. At the hearing, Enrique claimed they filed a
motion for continuance because they want to be represented by an attorney but were unable to find
one. Counsel opposite argued that the trial court had made it clear to the Gallardos at the
disqualification hearing "that they needed to get an attorney if they wanted to be represented." 
Counsel also reminded the court that the Gallardos represented at a January status conference that
they were in the process of obtaining an attorney. The trial court denied the motion for continuance: 

 THE COURT: All right. Mr. Gallardo, the Court told you a month ago to get an
attorney, and you haven't gotten an attorney. And I have to move my docket. Mr.
Windle agreed twice to postpone this hearing on the no-evidence. First, he was here
on a status conference, wanting to know what was going to happen. Mr. Bramblett
got out of the case and then there was another hearing. There's been two hearings
since then, and you haven't secured counsel, so --


 MR. GALLARDO: We were in an accident, sir, just last week, sir.


 THE COURT: I understand. The Court is going to grant the motion for summary
judgment.


 We review a trial court's decision to grant or deny a motion for continuance for an abuse of
discretion. See Wilborn v. GE Marquette Medical Systems Inc., 163 S.W.3d 264, 267 (Tex.App.--El Paso 2005, pet. denied). A trial court's decision will not be disturbed absent a showing that the
court clearly abused its discretion. Id. A motion for continuance shall not be granted except for
"sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." 
Tex.R.Civ.P. 251. Generally, when a movant fails to comply with these requirements, we presume
the trial court did not abuse its discretion in denying the motion. Wilborn, 163 S.W.3d at 267. 
However, when the ground for continuance is the withdrawal of counsel, the movants must show
that the failure to be represented at trial was not due to their own fault or negligence. Villegas v.
Carter, 711 S.W.2d 624, 626 (Tex. 1986); State v. Crank, 666 S.W.2d 91, 94 (Tex. 1984). The
presumption that the trial court acted within its sound discretion does not apply to lay movants
whose attorney withdraws without fault of the clients. See Villegas, 711 S.W.2d at 626.

 The Gallardos filed a twelve page pro se motion to disqualify attorney Bramblett,
complaining that they did not trust him, he had failed to defend them at their depositions, he did not
consider their ideas or suggestions, and there was a lack of communication. Specifically, they
alleged Bramblett hired Zamora to represent Yolanda without their knowledge or consent. In
response, both Bramblett and Zamora filed motions to withdraw, reciting that they had no objection
to the motion since the Gallardos were not willing to cooperate. When the trial court granted the
motions, it ordered that the Gallardos would appear pro se until another attorney of record appeared. The record does not establish that the withdrawal of counsel was not due to the Gallardos'
own fault or negligence. See Villegas, 711 S.W.2d at 626; Crank, 666 S.W.2d at 94. Moreover, the
record does not support Enrique's contention that they filed a written motion for continuance. 
Because the oral motion did not comply with the requirements of Rule 251, the Gallardos have not
demonstrated the trial court clearly abused its discretion. See Tex.R.Civ.P. 251.

PROPRIETY OF SUMMARY JUDGMENT


 In reviewing a no-evidence motion for summary judgment, we must disregard all contrary
evidence and inferences, and review the evidence in the light most favorable to the non-movants. 
King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003). The moving party must
specifically state the elements as to which there is no evidence. Gray v. Woodville Health Care
Center, 225 S.W.3d 613, 616 (Tex.App.--El Paso 2006, pet. denied); see Tex.R.Civ.P. 166a(i). The
burden then shifts to the non-movants to produce summary judgment evidence raising a
genuine issue of material fact regarding each element challenged. Gray, 225 S.W.3d at 616. If the
non-movants produce more than a scintilla of evidence regarding the challenged element, a genuine
issue of material fact is raised. Id. Less than a scintilla of evidence exists if the evidence is so weak
as to create no more than a mere surmise or suspicion. King Ranch, Inc., 118 S.W.3d at 751. 
However, when the evidence rises to a level that enables reasonable minds to differ in their
conclusions, then more than a scintilla of evidence exists. Id. If the non-movants do not produce
more than a scintilla of evidence to raise a genuine issue of material fact, the trial court "must" grant
the motion. Larned v. Gateway East, Inc., 186 S.W.3d 597, 601 (Tex.App.--El Paso 2006, no pet.);
see also Tex.R.Civ.P. 166a(i). Here, the Gallardos filed no response to the motion. They have thus
failed to demonstrate error. We overrule the sole issue for review and affirm the judgment of the
trial court.


February 7, 2008 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.

1. In their Index of Authorities, the Gallardos list "Title I of the Americans with Disabilities Act of 1990," and
they also state in their Summary of the Argument that they were "denied their Human Rights, Constitutional Rights and
were Discriminated because of their Disabilities." To the extent we can construe these statements as raising the issues,
they have been inadequately briefed and are waived. See Tex.R.App.P. 38.1 (h). See Larned v. Gateway East, Inc., 186
S.W.3d 597, 600 (Tex.App.--El Paso 2006, no pet.)("An issue on appeal unsupported by argument or citation to legal
authority presents nothing for the court to review.").