COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| CANDELARIO GARCIA, | | No. 08-09-00084-CV |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 171st Judicial District Court |
| | § | |
| | | of El Paso County, Texas |
| MARCO A. VERA, | § | |
| | | (TC# 2007-139) |
| Appellee. | § | |

**O P I N I O N**

This is a dispute between Candelario Garcia and his nephew, Marco Vera, concerning the ownership of certain real property in El Paso County. Garcia contends that the trial court erred in granting summary judgment in favor of Vera.

Vera sued Garcia, asserting a claim for trespass to try title and other claims. He alleged that Garcia conveyed the property to him in September 1994. As part of the consideration for the property, Vera agreed to assume three promissory notes, which were secured by liens on the property. Vera subsequently paid off the notes, and the liens were released. Beginning in October 1999, Garcia rented an apartment on the property under a month-to-month oral lease. After Garcia failed to pay rent for October, November, and December 2006, Vera terminated Garcia's lease and demanded that he vacate the premises. Garcia refused to vacate or pay rent, asserting that he was the rightful owner of the property.

Garcia filed a counter-petition, raising claims of fraud and breach of fiduciary duty, among others. He alleged that he intended to put the property in trust with Vera, "whom he

trusted unconditionally." The purpose of the trust was to assure that Garcia's two mentally impaired children had a place to live and a steady source of income after Garcia's death. Garcia discussed the situation with Vera, who agreed to take on this responsibility "and to lend his name as the owner" of the property. Vera was supposed "to take care of the paperwork to accomplish the transfer of management and the trust by having the real property placed in his name." Garcia admitted that he signed a commercial earnest money contract and an assumption warranty deed to transfer the property into Vera's name, but he claimed that Vera told him that "the documents . . . constituted an actual trust transfer where [Vera] had a power of attorney to manage the apartments for the benefit of Mr. Garcia and his children." Vera violated this arrangement on October 30, 2006, when he attempted to evict Garcia.

Vera moved for summary judgment on his claim of trespass to try title, as well as on all of Garcia's counterclaims. The trial court granted summary judgment, and Vera nonsuited his remaining claims. This appeal followed.

We begin with Issue Three; Garcia contends that the trial court erred by granting summary judgment as to his breach of fiduciary duty counterclaim. Vera's summary judgment motion asserted that this claim was time-barred and that there was no evidence to support it. Because the trial court did not specify the grounds for its summary judgment ruling, we must affirm if either of the grounds is meritorious. *Viasana v. Ward County*, 296 S.W.3d 652, 653-54 (Tex.App.--El Paso 2009, no pet.).

A claim for breach of fiduciary duty must be brought within four years after the claim accrued. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 16.004(a)(5)(West 2002). Garcia brought his counterclaim for breach of fiduciary duty in May 2007. The counterclaim relates to events that

occurred in September 1994 and October 2006. Accordingly, the summary judgment as to breach of fiduciary duty cannot be upheld in its entirety on the basis of limitations. We will therefore focus our attention on the no-evidence ground.

When seeking a no-evidence summary judgment, the movant must specify which essential elements of the nonmovant's claims lack evidentiary support. TEX.R.CIV.P. 166a(i); *Doonan v. Wood*, 224 S.W.3d 271, 274 (Tex.App.--El Paso 2005, no pet.). The burden then shifts to the nonmovant to produce summary judgment evidence raising a genuine issue of material fact regarding each challenged element. *Doonan*, 224 S.W.3d at 274. To meet this burden, the nonmovant must produce more than a mere scintilla of evidence. *Id*. More than a scintilla of evidence exists if reasonable minds could differ as to the correct conclusion. *Id*. Less than a scintilla exists if the evidence, viewed in the light most favorable to the nonmovant, is so weak as to create no more than a surmise or suspicion. *Id*.

Fiduciary duties may arise from certain formal relationships that are considered to be fiduciary as a matter of law or from informal, "confidential" relationships. *Id*. at 275. To recover on a claim for breach of fiduciary duty, one of the elements that must be established is the existence of a fiduciary or confidential relationship. *Id*. The existence of such a relationship is ordinarily a question of fact, but it becomes a question of law when there is no evidence on the issue. *Id*.

Texas courts are reluctant to recognize informal fiduciary relationships. *See Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 177 (Tex. 1997); *Jones v. Thompson*, ___ S.W.3d ___, ___, 2010 WL 3157145, at *8 (Tex.App.--El Paso Aug. 11, 2010, pet. denied). Accordingly, not every relationship that involves a high degree of trust and confidence will give

rise to a fiduciary duty. *Meyer v. Cathey*, 167 S.W.3d 327, 330 (Tex. 2005). Because subjective trust is insufficient to create a fiduciary relationship, the mere fact that one party trusts another does not transform a business arrangement into a fiduciary relationship. *Id*. at 331. The trust must be "justifiable." *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex. 1963). When "one person is accustomed to being guided by the judgment or advice of another or is justified in believing one will act in the best interest of another because of a family relationship, a confidential relationship may arise." *Trostle v. Trostle*, 77 S.W.3d 908, 914 (Tex.App.--Amarillo 2002, no pet.). The existence of a confidential relationship depends on the "actualities" of the particular relationship. *Thigpen*, 363 S.W.2d at 253. The confidential relationship must exist prior to, and apart from, the transaction that forms the basis of the lawsuit. *Meyer*, 167 S.W.3d at 331; *Hamblet v. Coveney*, 714 S.W.2d 126, 129 (Tex.App.--Houston [1st Dist.] 1986, writ ref'd n.r.e.).

Garcia stated in an affidavit that he trusted Vera "without reservation," but he offered no objective basis for his subjective trust. In another affidavit, he stated that Vera is his sister's son. When he transferred the property to Vera, Garcia was in poor health and was afraid that he would die and that his children would be left "to fend for themselves." Garcia also averred that he could not speak, read, or write English when he signed the documents transferring the property to Vera. Garcia's deposition testimony was substantially similar to his affidavits.

This evidence is insufficient to establish that Garcia and Vera had a confidential relationship before the September 1994 property transaction. One party's lack of fluency in English does not create a confidential relationship. *Salinas v. Beaudrie*, 960 S.W.2d 314, 320 (Tex.App.--Corpus Christi 1997, no pet.). Nor do uncles and nephews necessarily have a confidential relationship. *See Tex. Bank & Trust Co. v. Moore*, 595 S.W.2d 502, 508 (Tex.

1980). And subjective trust will not suffice unless the trust was justified. *See Meyer*, 167 S.W.3d at 331. Other than the fact that Vera is his nephew, Garcia has submitted no evidence regarding the actualities of their relationship. For example, there is no evidence that the two men were close or that they spent a lot of time together, that they had engaged in prior business, property, or financial transactions together, or that Garcia had previously relied on Vera for any type of advice. *Compare Flanary v. Mills*, 150 S.W.3d 785, 794 (Tex.App.--Austin 2004, pet. denied)(evidence sufficient where parties had uncle/nephew relationship, but they were more like brothers, one party worked for the other and had always "looked up" to him, and they had previously been business partners), *and Dominguez v. Brackey Enters., Inc.*, 756 S.W.2d 788, 791 (Tex.App.--El Paso 1988, writ denied)(evidence sufficient where parties had a longstanding business and personal association and one party was accustomed to being guided by the other's advice in legal and accounting matters), *and Hamblet*, 714 S.W.2d at 129 (evidence sufficient where two parties had aunt/niece relationship, they and their families had a close relationship spanning years, and one party counseled the other for years), *with Thigpen*, 363 S.W.2d at 249, 252-53 (evidence insufficient where parties were close friends who saw each other frequently and one party personally guaranteed a loan for the others and gave them business advice), *and Trostle*, 77 S.W.3d at 914 (evidence insufficient where parties had stepmother/stepson relationship, but they were not particularly close). Issue Three is overruled.

In Issue One, Garcia contends that the trial court erred by granting summary judgment as to his fraud counterclaim. Vera's summary judgment motion asserted that this claim was time-barred and that there was no evidence to support it. As with the breach of fiduciary duty claim, we will focus on the no-evidence ground.

In a fraudulent inducement claim, the elements of fraud must be established as they relate to an agreement between the parties. *Esty v. Beal Bank S.S.B.*, 298 S.W.3d 280, 303 (Tex.App.--Dallas 2009, no pet.). The elements of fraud are (1) a material false representation, (2) that was made with knowledge or recklessness as to its falsity, (3) with the intent to induce reliance, and (4) that the other party "actually and justifiably relied upon," causing him injury. *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001); *Wil-Roye Inv. Co. II v. Wash. Mut. Bank, FA*, 142 S.W.3d 393, 411 (Tex.App.--El Paso 2004, no pet.).

Garcia has produced no evidence that his alleged reliance on Vera's representations was justifiable. Whether reliance is justifiable depends on the nature of the contract and the parties' relationship. *Coastal Bank SSB v. Chase Bank of Tex., N.A.*, 135 S.W.3d 840, 843 (Tex.App.--Houston [1st Dist.] 2004, no pet.). Here, the written contract and the deed do not mention a trust agreement, but rather provide for an absolute conveyance of the property to Vera. Garcia contends that he relied on representations by Vera that contradicted the language of the documents. A party must generally exercise ordinary care for the protection of his own interests and is charged with knowledge of all facts that would have been discovered by a reasonably prudent and similarly situated person. *Thigpen*, 363 S.W.2d at 251; *Wil-Roye*, 142 S.W.3d at 411. Since he failed to raise a fact issue regarding the existence of a fiduciary duty, Garcia's avowed subjective trust in Vera is insufficient to show that his reliance was justifiable. *See Thigpen*, 363 S.W.2d at 253; *see also DRC Parts & Accessories, L.L.C. v. VM Motori, S.P.A.*, 112 S.W.3d 854, 858 (Tex.App.--Houston [14th Dist.] 2003, pet. denied)("[R]eliance upon an oral representation that is directly contradicted by the express, unambiguous terms of a written agreement between the parties is not justified as a matter of law."). Issue One is overruled.

In Issue Two, Garcia contends that the trial court erred in granting summary judgment as to Vera's trespass to try title claim. He argues that because the summary judgment evidence raised a fact issue regarding his counterclaims for breach of fiduciary duty and fraudulent inducement, Vera failed to establish his title to the property as a matter of law. As we have previously concluded that the trial court properly granted summary judgment on these claims, there is no need to address them further here. Issue Two is overruled.

Having overruled Garcia's issues presented for review, we affirm the trial court's judgment.


April 29, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

-7-