COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| TOM RETZLAFF, | | No. 08-10-00228-CV |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | County Court at Law No. 10 |
| | § | |
| | | of Bexar County, Texas |
| BELINDA MENDIETA-MORALES, | § | |
| | | (TC# 339578) |
| Appellee. | § | |

**O P I N I O N**

Tom Retzlaff appeals from a summary judgment granted in favor of Belinda Mendieta-Morales. In three issues, he challenges the granting of the summary judgment, the denial of his motion for a continuance, and the striking of his summary judgment response. For the reasons that follow, we affirm.

In 2000, Retzlaff and Morales entered into an agreed judgment that enjoined them from communicating with each other "in a harassing or threatening manner" and enjoined Morales from communicating "any false matters to any . . . governmental law enforcement agency . . . regarding anything having to do with" Retzlaff. In 2008, Retzlaff sued Morales for breach of contract and defamation, contending that Morales had violated the agreed judgment by making a false accusation of criminal conduct against him. This suit was docketed as cause number 339578. In July 2008, the trial court entered a default judgment, which awarded Retzlaff $100,000 in damages from Morales.

In December 2008, Morales filed a petition for bill of review, seeking to overturn the

default judgment. *See Retzlaff v. Mendieta-Morales*, No. 04-09-00582-CV, 2009 WL 4692681, at *1 (Tex.App.--San Antonio Dec. 9, 2009, no pet.)(mem. op.). The bill of review was docketed as cause number 345077. *See id*. The trial court granted summary judgment on the bill of review, and Retzlaff filed a notice of appeal. *Id*. In December 2009, the San Antonio Court of Appeals dismissed the appeal, holding that the summary judgment was interlocutory because the trial court only determined that the bill of review should be granted and did not adjudicate the merits of the original suit. *Id*.

On March 9, 2010, Morales filed a motion for a no-evidence summary judgment on Retzlaff's claims for breach of contract and defamation. She filed her motion in the original cause number--339578. A hearing on the motion was set for April 9, 2010.

On April 5, 2010, Retzlaff filed his response to the summary judgment motion. He objected to having a hearing on the motion because Morales failed to obtain a bill of review in cause number 339578. In particular, he argued that Morales "did not follow the proper procedure as is required to obtain a valid bill of review and . . . set aside . . . the original monetary judgment because she filed her petition in **a different case number than the original judgment was obtained in.**" [Emphasis in original]. As summary judgment evidence, Retzlaff submitted his own affidavit, a copy of the agreed judgment, and a copy of a police report, which shows that Morales submitted a complaint on May 23, 2008. Retzlaff's response also included a request for a continuance to allow him to obtain additional evidence to defeat Morales's motion.

Morales opposed the request for a continuance, moved to strike Retzlaff's response as untimely, and objected to Retzlaff's use of his affidavit and the report as summary judgment evidence. The trial court denied the continuance, sustained the objections, and granted the

motion to strike and the motion for summary judgment.

In his first issue on appeal, Retzlaff asserts that the trial court erred in granting the no-evidence summary judgment. He divides this issue into two parts.

In the first part of the issue, he argues that Morales and the trial court failed to follow the proper procedures for a bill of review. He points out that there is no petition for bill of review or order granting a bill of review in the cause number of the original suit (339578). This observation provides no basis for reversing the no-evidence summary judgment. "Texas procedure has always mandated that a petition for bill of review be a new lawsuit filed under a different cause number than the case whose judgment the bill of review complainant is attacking." *Amanda v. Montgomery*, 877 S.W.2d 482, 485 (Tex.App.--Houston [1st Dist.] 1994, no writ). Therefore, Morales properly filed her petition in a new cause number (345077), and the trial court properly entered its summary judgment on the petition in that cause number.

Retzlaff also argues that the court never conducted a trial on the merits of his original suit in cause number 339578 and that he was not given the chance to prove, or offer evidence in support of, that suit. This argument is without merit. The underlying issues in Retzlaff's suit against Morales were relitigated in the no-evidence summary judgment proceedings, which were conducted in cause number 339578, and Retzlaff was given the same opportunity as every plaintiff to contest the motion for summary judgment.

Retzlaff further argues that Morales did not establish her entitlement to a bill of review in cause number 339578. A bill of review plaintiff must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action, (2) that she was prevented from making by official mistake or by the fraud, accident, or wrongful act of the opposing party, (3) unmixed with

any fault or negligence on her own part. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). Retzlaff simply asserts, without any supporting argument, that Morales failed to satisfy these three requirements. Thus, the argument is inadequately briefed. *See* TEX.R.APP.P. 38.1(i); *Stewart v. Lexicon Genetics, Inc.*, 279 S.W.3d 364, 373 (Tex.App.--Beaumont 2009, pet. denied).

More importantly, Retzlaff has failed to bring forward an adequate record to review this argument. The record does not contain any documents pertaining to the bill of review proceedings. We assume that the trial court clerk omitted these documents because they were filed in the bill of review cause number (345077), rather than this cause number (339578). When the trial court grants a bill of review, subsequent proceedings on the merits of the original suit should be conducted under the bill of review cause number. The trial court should render the final judgment in the bill of review cause number. All of the relevant documents and transcripts concerning both the bill of review and the original suit can then be brought before the appellate court in the event of an appeal. *See Hartford Underwriters Ins. v. Mills*, 110 S.W.3d 588, 590 (Tex.App.--Fort Worth 2003, no pet.). Accordingly, Morales should have filed her no-evidence motion in the bill of review cause number (345077) and all subsequent documents, including the trial court's no-evidence summary judgment, should have been filed in that cause number. Retzlaff, however, has not objected in the trial court or this Court to the failure of Morales and the trial court to file these documents in cause number 345077. Instead, he has always contended just the opposite--that the bill of review documents should have been filed in the original cause number (339578). We therefore consider this error to be waived. *Cf. Medeles v. Nunez*, 923 S.W.2d 659, 661 n.2 (Tex.App.--Houston [1st Dist.] 1996, writ denied)(holding that error in

-4-

filing bill of review proceedings in cause number of original suit was waived because no one complained about the incorrect procedure), *overruled on other grounds by Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789 (Tex.App.--Houston [1st Dist.] 1999, no pet.).

Admittedly, the fact that the bill of review proceedings and the no-evidence summary judgment proceedings were conducted under different cause numbers presents a challenge in compiling a complete record of all the proceedings for appellate purposes. But Retzlaff has made no attempt to obtain a complete record. He did not request that the trial court take judicial notice of the proceedings in cause number 345077, nor did he request that relevant documents from cause number 345077 be included in the appellate record. Although Morales attached some of the bill of review documents to her appellate brief, Retzlaff moved to strike the brief because the documents are not part of the record. We denied the motion to strike, but, on Retzlaff's urging, noted that we would not consider documents outside the record. *See Fox v. Wardy*, 234 S.W.3d 30, 33 (Tex.App.--El Paso 2007, pet. dism'd w.o.j.)("[A]n appellate court may not consider matters outside the appellate record."). Rather than attempting to obtain a complete record, Retzlaff seems to believe that the incomplete record entitles him to a reversal of the no-evidence summary judgment. He is mistaken. The burden was on Retzlaff, as the party seeking review, to ensure that a sufficient record is presented to show error. *Foust v. Estate of Walters ex rel. Walters*, 21 S.W.3d 495, 504 (Tex.App.--San Antonio 2000, pet. denied).

In the second part of his first issue, Retzlaff argues that the no-evidence summary judgment should not have been granted on the merits of his original suit. He argues that the court cannot grant a no-evidence summary judgment when the movant challenges the evidence to support an element on which she has the burden of proof at trial. This is true. *See Nowak v. DAS*

*Inv. Corp.*, 110 S.W.3d 677, 680 (Tex.App.--Houston [14th Dist.] 2003, no pet.). Retzlaff, however, misunderstands the meaning of this rule. He contends that Morales had the burden of proving that he has no evidence to support his claims. This is not true. All Morales had to do was to state the elements of Retzlaff's claims for which there is no evidence. She did not need to present any evidence. *See id*. at 679. Morales's motion listed the elements of Retzlaff's claims and specified the elements as to which there is no evidence. This had the effect of shifting the burden to Retzlaff to produce summary judgment evidence raising a genuine issue of material fact regarding each challenged element. *See* TEX.R.CIV.P. 166a(i); *Garcia v. Vera*, 342 S.W.3d 721, 723 (Tex.App.--El Paso 2011, no pet.).

Retzlaff submitted three documents as summary judgment evidence: the agreed judgment, his own affidavit, and the police report. Morales objected to the affidavit, arguing that it was self-serving, conclusory, included hearsay, and opined on an ultimate issue. She objected to the police report, arguing that it was hearsay. The trial court sustained the objections and ordered these exhibits to be stricken. In a separate order, the trial court granted Morales's motion to strike Retzlaff's entire summary judgment response as untimely. In his third issue on appeal, Retzlaff asserts that the trial court erred by failing to consider his summary judgment response and evidence because they were timely filed. However, he does not challenge the trial court's order sustaining Morales's objections to his affidavit and the calls for service report. As a result, we cannot consider these documents. *See Little v. Needham*, 236 S.W.3d 328, 331 (Tex.App.--Houston [1st Dist.] 2007, no pet.). Without these documents, Retzlaff's only summary judgment evidence is the agreed judgment, which does nothing to establish breach of contract or defamation.

Because Retzlaff presented no evidence to raise a fact issue in response to Morales's motion, the trial court correctly granted summary judgment. *See Rust v. Texas Farmers Ins. Co.*, 341 S.W.3d 541, 550 (Tex.App.--El Paso 2011, pet. filed)("The trial court is required to grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact."). We overrule Retzlaff's first issue on appeal. We find it unnecessary to consider his third issue because, even if the trial court erred in striking the entire response as untimely, the court's sustaining of Morales's objections still leaves Retzlaff without any evidence to raise a fact issue.

In his second issue on appeal, Retzlaff asserts that the trial court erred by denying his request to continue the summary judgment hearing so that he could obtain additional evidence. He argues that he did not have an adequate time for discovery because the summary judgment motion was filed only one month after the San Antonio Court of Appeals issued its mandate on his interlocutory appeal.

We review the denial of a motion for continuance for an abuse of discretion. *Gallardo v. J.C. Penney Corp., Inc.*, 281 S.W.3d 51, 53-54 (Tex.App.--El Paso 2008, no pet.). "[W]hen a party seeks a continuance for responding to a motion for summary judgment, []he must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Martinez v. Leeds*, 218 S.W.3d 845, 849 n.3 (Tex.App.--El Paso 2007, no pet.); *accord Rankin v. Union Pac. R. Co.*, 319 S.W.3d 58, 67 (Tex.App.--San Antonio 2010, no pet.); *see also* TEX.R.CIV.P. 166a(g), 251. Retzlaff did not file an affidavit explaining the need for more discovery and his request for a continuance was not verified. He also failed to identify what additional discovery was needed and how it would have assisted him in responding to the

summary judgment motion. *See Finlan v. Dallas Indep. Sch. Dist.*, 90 S.W.3d 395, 412 (Tex.App.--Eastland 2002, pet. denied). Accordingly, the trial court did not abuse its discretion in denying the continuance. *Gallardo*, 281 S.W.3d at 54; *Finlan*, 90 S.W.3d at 412-13. Retzlaff's second issue is overruled.

The judgment of the trial court is affirmed.


October 5, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.