

**NUMBER 13-10-00486-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**MARIA ELIDE MORENO**
**AND ALFREDO MORENO,**                                   **Appellants,**

**v.**

**MELISSA ROSALES,**                                          **Appellee.**

---

**On appeal from the County Court at Law No. 4**
**of Hidalgo County, Texas.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Benavides and Perkes**
**Memorandum Opinion by Chief Justice Valdez**

Appellants, Maria and Alfredo Moreno, appeal from a final judgment denying relief on their petition for bill of review. We affirm.

**I. BACKGROUND**

This case arises from an automobile accident that occurred on January 4, 2007 in Hidalgo County, Texas. On November 7, 2008, appellee, Melissa Rosales, filed suit against appellants, alleging that appellants were negligent in causing the accident. On January 6, 2009, appellee filed her motion for default judgment. On February 5, 2009, the trial court held a hearing on appellee's motion for default judgment. Thereafter, the trial court signed a final judgment awarding appellee $749,000.

On December 21, 2009, appellants filed their original petition for bill of review. In their live petition, appellants alleged that appellee failed to serve them with citation. Appellants complained that appellee failed to give them notice of her motion for default judgment and the hearing on the motion. In addition, appellants alleged that they never received notice of the default judgment.

Appellee moved for summary judgment on traditional and no-evidence grounds. Appellee attached an affidavit of a process server as evidence in support of the motion. According to the affidavit, appellants were served with citation on November 14, 2008 at 344 Porter Drive, Brownsville, Texas.

In their response to the motion for summary judgment, appellants continued to maintain that they were never served with citation. The affidavit of Maria Moreno was attached to appellants' response. In the affidavit, Maria Moreno states that she and her husband have never lived at 344 Porter Drive, Brownsville, Texas and therefore could not have been served with citation at that address, as alleged by the process server.

Appellee filed an objection to appellants' response, arguing, among other things, that Maria Moreno's affidavit should not be considered as summary judgment evidence because it "implies (but does not unequivocally state) that neither she nor Mr. Alfredo

2

Moreno were served with service. Moreover, they have failed to present one iota of corroborating evidence." Among other things, appellee argued that, in the absence of strong corroborating evidence, the affidavit of an interested party challenging service of citation is inadmissible and should not be considered by the court.

The trial court held a hearing on the motion for summary judgment on May 19, 2010. Thereafter, the trial court entered a final judgment, which sustained appellee's objections to appellants' response and evidence and granted appellee's motion for summary judgment. This appeal ensued.

## II. ANALYSIS

In two issues, appellants argue that the trial court erred in granting appellee's traditional and no evidence motions for summary judgment. As set forth below, we will not address the merits of these issues because appellants have failed to address the trial court's evidentiary rulings which form the basis of the court's judgment.

## A. Standard of Review

We review summary judgments de novo. *Alejandro v. Bell*, 84 S.W.3d 383, 390 (Tex. App.—Corpus Christi 2002, no pet.). In a traditional motion for summary judgment, the movant has the burden of showing both that there is no genuine issue of material fact and entitlement to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see also Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972); *Ortega v. City Nat'l Bank*, 97 S.W.3d 765, 772 (Tex. App.—Corpus Christi 2003, no pet.). In deciding whether there is a genuine issue of material fact, evidence favorable to the nonmovant is taken as true, and all reasonable inferences are made, and all doubts are resolved, in favor of the nonmovant. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997).

3

Summary judgment is proper if the movant disproves at least one element of each of the plaintiff's claims or affirmatively establishes each element of an affirmative defense to each claim. *Id.* The nonmovant has no burden to respond to a traditional summary judgment motion unless the movant conclusively establishes its cause of action or defense. *Swilley*, 488 S.W.2d at 68.

A no-evidence summary judgment is equivalent to a pretrial directed verdict, and this Court applies the same legal sufficiency standard of review. *Zapata v. Children's Clinic*, 997 S.W.2d 745, 747 (Tex. App.—Corpus Christi 1999, pet. denied). In an appeal of a no-evidence summary judgment, this Court reviews the evidence in the light most favorable to the nonmovant, disregarding all contrary evidence and inferences. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997); *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995). If the nonmovant produces evidence to raise a genuine issue of material fact, summary judgment is improper. TEX. R. CIV. P. 166a(i). All that is required of the non-movant is to produce a scintilla of probative evidence to raise a genuine issue of material fact. *Zapata*, 997 S.W.2d at 747. "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion of a fact.'" *Id.* (citing *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied) (quoting *Kindred v. Con/Chem Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). Conversely, more than a scintilla exists when the evidence in support of a challenged element "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 25 (Tex. 1994). The burden of producing

evidence is entirely on the nonmovant; the movant has no burden to attach any evidence to the motion. TEX. R. CIV. P. 166a(i).

In the present case, the trial court did not specify the grounds on which the summary judgment was granted. If a summary judgment order issued by the trial court does not specify the ground or grounds relied upon for a ruling, the ruling will be upheld if any of the grounds in the summary judgment motion can be sustained. *Bradley v. State ex rel. White*, 990 S.W.2d 245, 247 (Tex. 1999); *Weakly v. East*, 900 S.W.2d 755, 758 (Tex. App.—Corpus Christi 1995, writ denied).

## B.  Applicable Law

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). Bill of review plaintiffs must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs were prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on their own part. *Id*.

Bill of review plaintiffs claiming non-service, however, are relieved of two elements ordinarily required to be proved in a bill of review proceeding. *Id*. First, if a plaintiff was not served, constitutional due process relieves the plaintiff from the need to show a meritorious defense. *Id*. Second, the plaintiff is relieved from showing that fraud, accident, wrongful act or official mistake prevented the plaintiff from presenting such a defense. *Id*.

5

Bill of review plaintiffs alleging they were not served, however, must still prove the third and final element required in a bill of review proceeding—that the judgment was rendered unmixed with any fault or negligence of their own. *Id.* The Texas Supreme Court has said this third and final element is conclusively established if the plaintiff can prove that he or she was never served with process. *Id.* An individual who is not served with process cannot be at fault or negligent in allowing a default judgment to be rendered. *Id.* Proof of non-service, then, will conclusively establish the third and only element that bill of review plaintiffs are required to prove when they are asserting lack of service of process as their only defense. *Id.*[1]

## C. Discussion

By two issues, appellants argue that the affidavit of appellant Maria Moreno was sufficient to raise a genuine issue of material fact precluding summary judgment on either the traditional or no-evidence grounds asserted in appellee's motion for summary judgment. We will not reach the merits of these issues because, as set forth below, appellants have failed to challenge the trial court's ruling concerning their summary judgment evidence. *See* TEX. R. APP. P. 47.1.

The trial court sustained appellee's objections to appellants' summary judgment evidence, including the affidavit of Maria Moreno. As a result, appellants' evidence was struck and there was no evidence to create a genuine issue of material fact in

---

[1] *See also Sutherland v. Spencer*, No. 10-075055, 2012 Tex. LEXIS 556, *5-6, Tex. Sup. J. 1057 (Tex. June 29, 2012) ("In this circumstance, we focus on the critical question in any default judgment: 'Why did the defendant not appear?' If the defendant did not appear because he or she never received the suit papers, then the court should generally set aside the default judgment. But if the defendant received the suit papers and has some other reason for not appearing, then the default judgment must be set aside if the defendant proves the three elements of the *Craddock* test.") (citations omitted)

opposition to either the no-evidence or traditional grounds for summary judgment sought by appellee in her motion.

To succeed on appeal, it was appellants' burden to demonstrate that the trial court abused its discretion by sustaining appellee's objections to the evidence. *See Retzlaff v. Mendieta-Morales*, 356 S.W.3d 676, 681 (Tex. App.—El Paso 2011, no pet.) ("We find it unnecessary to consider his third issue because, even if the trial court erred in striking the entire response as untimely, the court's sustaining of Morales's objections still leaves Retzlaff without any evidence to raise a fact issue."). Appellants have not raised that issue on appeal. In fact, appellants have not addressed the merits of the evidentiary rulings made by the trial court or asserted that those rulings were erroneous. Accordingly, there is no basis for this Court to address the evidentiary rulings. Moreover, the exclusion of appellants' summary judgment evidence precludes this Court from concluding that appellants raised a genuine issue of material fact that would have rendered summary judgment improper. *See id.* Therefore, we overrule appellants' first and second issues.

## III. CONCLUSION

We affirm the judgment of the trial court.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
20th day of December, 2012.

7