

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00015-CV
_____

GTE SOUTHWEST INCORPORATED, D/B/A VERIZON SOUTHWEST, Appellant

V.

ONCOR ELECTRIC DELIVERY COMPANY, LLC, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CV-13-41060

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

## MEMORANDUM OPINION

GTE Southwest Incorporated, d/b/a/ Verizon Southwest (GTE), has appealed after the entry of two combined summary judgments and severances, dated December 12, 2012, and January 30, 2013. According to the language of the notice of appeal, GTE appeals from the January 30, 2013, judgment.

The underlying original lawsuit was styled: *Helen Elizabeth Seale*, *Individually and as the Independent Executor of the Estate of Warner Durell Seale*, *deceased*, *versus GTE Southwest Incorporated*, *d/b/a Verizon Southwest*, *David Belz*, *Con-way Freight, Inc.*, *Cable One, Inc.*, *and Oncor Electric Delivery Company, LLC.* This appeal was brought by GTE after Oncor Electric Delivery Company, LLC (Oncor), against whom it had filed a cross-claim for contribution, obtained a summary judgment terminating GTE's claim.

The original clerk's record requested by GTE and provided to this Court contains only the December 12 summary judgment/severance in favor of Oncor, letters from counsel, and the notice of appeal filed March 1, 2013. After this Court sent a jurisdictional defect letter to counsel, a supplemental clerk's record was filed. It contains another copy of the December 12 judgment/severance and the separate summary judgment/severance signed January 30. Thus, we do not have the pleadings, motions for summary judgment, or any responses to review.

An appellate court may not consider matters outside the appellate record. *Sabine Offshore Serv.*, *Inc. v. City of Port Arthur*, 595 S.W.2d 840 (Tex. 1979) (orig. proceeding); *Perry v. Kroger Stores*, *Store No. 119*, 741 S.W.2d 533 (Tex. App.—Dallas 1987, no writ); *see Retzlaff v. Mendieta-Morales*, 356 S.W.3d 676, 680 (Tex. App.—El Paso 2011, no pet.); *Fox v. Wardy*,

234 S.W.3d 30, 33 (Tex. App.—El Paso 2007, pet. dism'd w.o.j.) ("[A]n appellate court may not consider matters outside the appellate record."). The appellate record consists of the clerk's record and, where necessary, a reporter's record. TEX. R. APP. P. 34.1. The burden is on GTE, as the party seeking review, to ensure that a sufficient record is presented to show error. *Foust v. Estate of Walters ex rel. Walters*, 21 S.W.3d 495, 504 (Tex. App.—San Antonio 2000, pet. denied).

We will, therefore, proceed on the record before us.

Typically, when no record exists in a civil case, the result is a dismissal for want of jurisdiction because we have nothing to demonstrate our authority to hear the appeal. *See* TEX. R. APP. P 34.1. This case is somewhat different, however, because there is a record, it contains a judgment, and the notice of appeal was timely filed from the January 30 judgment. Therefore, we have jurisdiction over the appeal.

Our attempt to review this case on the merits, however, is unavailing. GTE's arguments complain that Oncor's motion for summary judgment was improper, that the pleadings show that Oncor was necessarily a potentially liable party, and that the summary judgment was improper because it precluded GTE from seeking contribution from a person liable to the claimant and against whom it could have proven liability.

Again, the appellate record contains none of the documents that would permit us to evaluate this claim. Although a copy of some documents are attached to an appellate brief, they are not a part of the appellate record. Consequently, we are precluded from addressing the merits or effect of these documents. We cannot consider documents attached to an appellate brief that

3

do not appear in the appellate record. *K-Six Television, Inc. v. Santiago*, 75 S.W.3d 91, 97 (Tex. App.—San Antonio 2002, no pet.); *Till v. Thomas*, 10 S.W.3d 730, 733 (Tex. App.—Houston [1st Dist.] 1999, no pet.). This Court must hear and determine a case on the record as filed and may not consider documents attached as exhibits to briefs. *Till*, 10 S.W.3d at 733; *see Castano v. San Felipe Agricultural, Mfg., & Irrigation Co.*, 147 S.W.3d 444, 452–53 (Tex. App.—San Antonio 2004, no pet.). An appendix is not a record, and we may not utilize it as such. *Sabine Offshore Serv., Inc.*, 595 S.W.2d 840; *Carlisle v. Philip Morris, Inc.*, 805 S.W.2d 498, 501 (Tex. App.—Austin 1991, writ denied).[1]

Accordingly, we find no error and affirm the judgment of the trial court.

Jack Carter
Justice

Date Submitted:     September 3, 2013
Date Decided:      September 17, 2013

---

[1] *Quorum Int'l v. Tarrant Appraisal Dist.*, 114 S.W.3d 568, 572 (Tex. App.—Fort Worth 2003, pet. denied); *Dominguez v. Gilbert*, 48 S.W.3d 789, 794 (Tex. App.—Austin 2001, no pet.); *Thomas v. Bilby*, 40 S.W.3d 166, 168 (Tex. App.—Texarkana 2001, no pet.); *Siefkas v. Siefkas*, 902 S.W.2d 72, 74 (Tex. App.—El Paso 1995, no writ); *Mitchison v. Houston Indep. Sch. Dist.*, 803 S.W.2d 769, 771 (Tex. App.—Houston [14th Dist.] 1991, writ denied).