Opinion issued August 15, 2024



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00367-CV

———————————

## KHYBER HOLDINGS, LLC, Appellant

## V.

## MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR RESMAE MORTGAGE CORP., Appellee

---

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Case No. 2009-26662**

---

## MEMORANDUM OPINION

Khyber Holdings, LLC ("Khyber") appeals the trial court's April 5, 2023 judgment dismissing its suit to quiet title against Mortgage Electronic Registration Systems, Inc., as Nominee for Resmae Mortgage Corp. ("MERS").

In its sole issue, Khyber contends that the trial court erred in reopening Cause No. 2009-26662 (the "2009 underlying case") and granting summary judgment in favor of MERS.

We vacate and dismiss.

## Background

On April 29, 2009, Khyber filed an original petition in the underlying case seeking to quiet title to the property in which it asserted an interest. Khyber alleged that it was "the owner of a certain tract of land located in Harris County, Texas" ("the property") through "a trustee's deed," "but in August 2006, MERS, as grantor, recorded a deed of trust signed by Paul F. Rhoads and Alba L. Rhoads . . . purporting to create a lien for security purposes" on the property. Khyber requested that the trial court declare the deed of trust invalid, order that it be "removed from the title to the property," and "quiet[] title in [Khyber]." Khyber served its petition on MERS, which it identified as a Florida resident, by sending the petition by certified mail to the Texas Secretary of State.

MERS did not answer or otherwise appear, and Khyber filed a motion for default judgment. On August 6, 2009, the trial court signed a no-answer default judgment declaring Khyber the owner of the property.

The clerk's record in the 2009 underlying case next contains a copy of a February 13, 2023 order entered in Cause No. 2021-08505 (the "2021 bill-of-review

case"), in which the trial court granted a bill of review in favor of U.S. Bank and set aside the August 6, 2009 no-answer default judgment in the 2009 underlying case.

On March 2, 2023, U.S. Bank filed a matter-of-law summary-judgment motion in the 2009 underlying case. On April 5, 2023, the trial court, "[p]ursuant to [its] order on February 13, 2023 in [the 2021 bill-of-review case] dismissing Khyber's claims against U.S. Bank," signed a judgment purporting to grant U.S. Bank's March 2, 2023 summary-judgment motion and to dismiss Khyber's suit with prejudice in the 2009 underlying case.

## Appellate Jurisdiction

As an initial matter, we address MERS's challenge to our jurisdiction over this appeal. When a trial court grants a bill of review and sets aside a judgment in a prior case, the subsequent trial on the merits of the issues first raised in the prior case should occur under the bill-of-review cause number, and "[t]he trial court should render the final judgment in the bill-of-review cause number." *Metzlaff v. Mendieta-Morales*, 356 S.W.3d 676, 679 (Tex. App.—El Paso 2011, no pet.); *see Hartford Underwriters Ins. v. Mills*, 110 S.W.3d 588, 590 (Tex. App.—Fort Worth 2003, no pet.); *see also Jordan v. Jordan*, 907 S.W.2d 471, 472 (Tex. 1995) ("A bill of review which sets aside a prior judgment but does not dispose of the [prior] case on the merits is interlocutory and not appealable."); *see generally Petro-Chem.*

*Transp., Inc. v. Carroll*, 514 S.W.2d 240, 246 (Tex. 1974) (describing bill-of-review procedure).

In the 2021 bill-of-review case, the trial court set aside the judgment in the 2009 underlying case. Then, after considering Khyber's claims on their merits, the trial court signed a judgment dismissing Khyber's claims in the 2009 underlying case against U.S. Bank with prejudice.

The trial court's April 5, 2023 judgment in the 2009 underlying case, on its face, pertains to the 2021 bill-of-review case. Yet the trial court signed its final judgment in the 2009 underlying case more than a decade earlier, on August 6, 2009. Because the trial court's plenary power in the 2009 underlying case had already expired when it entered the April 5, 2023 judgment, the judgment is void for lack of jurisdiction. *See State v. ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) ("Judicial action taken after a court's jurisdiction has expired is a nullity.").

Where, as here, an appeal is taken from a void judgment, we must vacate the void judgment and dismiss the appeal. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) ("[A]ppellate courts do not have jurisdiction to address the merits of appeals from void orders or judgments; rather, they have jurisdiction only to determine that the order or judgment underlying the appeal is void and make appropriate orders based on that determination."). Accordingly, we

vacate the trial court's April 5, 2023 judgment in the 2009 underlying case and dismiss the appeal from Cause No. 2009-26662 for lack of jurisdiction.

## Conclusion

We vacate the April 5, 2023 judgment and dismiss the appeal for lack of jurisdiction.

Julie Countiss
Justice

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.