George Adolf Schultze
URSIC, Appellant,

v.

NBC BANK SOUTH TEXAS, N.A., f/k/a First State Bank of Corpus Christi, f/k/a NBC Bank of Corpus Christi, Appellee.

No. 13–90–273–CV.

Court of Appeals of Texas,
Corpus Christi.

June 18, 1991.

Case Ordered Published by
Supreme Court Feb. 26, 1992.

Rehearing Overruled Aug. 29, 1991.

---

Robert L. Joseph, Joseph, Johnson & Whatley, William G. Burnett, Sinton, for appellant.

Robert C. Wolter, Wood, Boykin & Wolter, David A. Sibley, Meredith, Donnell & Abernethy, Corpus Christi, Ann DuRoss, Asst. Gen. Counsel, Joan Smiley, Sr. Counsel, E. Whitney Drake, Sp. Counsel, Federal Deposit Insurance Corp., Washington, D.C., for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

SEERDEN, Justice.

George Adolf Schultze Ursic filed suit against NBC Bank South Texas (NBC), seeking to set aside a foreclosure sale and for damages for wrongful foreclosure of certain land located in San Patricio County, Texas. The trial court granted summary judgment in favor of NBC, and Ursic appeals. After the trial court proceedings, the Federal Deposit Insurance Corporation was appointed receiver of NBC. We affirm.

By his sole point of error, Ursic alleges that the trial court erred in granting the summary judgment. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548–49 (Tex. 1985). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Id.* Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.*

The summary judgment evidence shows that on September 13, 1978, Corpus Christi Development Company (CCDC), executed a promissory note in the amount of $28,-500.00 to NBC. It also issued a Deed of Trust on the real property at issue in this suit, to secure the promissory note. Ursic's father, Jorge Schultze, was president of CCDC and signed the note on behalf of the corporation and in his individual capacity. In 1984, CCDC executed an extension of the promissory note and the deed of trust. Under the extension, the indebtedness matured on May 17, 1985. When the debt was not paid, NBC elected to foreclose on the property pursuant to the deed of trust. It appointed a substitute trustee, posted foreclosure notices twenty-one days in advance of the sale, filed a copy of the notice with the San Patricio County Clerk, and mailed the notice to CCDC and Schultze at their last known address twenty-one days before the foreclosure. The notices were returned with the notation that Schultze had moved to Bolivia. The Bank then sent the notice to Schultze in Bolivia, and such notices were unclaimed. The sale was conducted on August 6, 1985, at which time the NBC purchased the property. In November 1985, CCDC and

Schultze filed suit against the Bank, claiming ownership of the property. In February 1986, the suit was dismissed. Also in February 1986, Schultze's son, Ursic, filed the present suit and recorded a deed showing a conveyance of the property in question from CCDC to himself. This was approximately six months after the foreclosure and the filing of the substitute trustee's deed. NBC's motion for summary judgment alleged that Ursic could not, as a matter of law, establish any interest in the property prior to the substitute trustee's deed to the bank dated August 6, 1985.

To contest a bank's foreclosure of a deed of trust, a party must, at the time of the foreclosure, either 1) be the mortgagor under the deed of trust or be in privity with the mortgagor, or 2) have an ownership interest in the property affected by the foreclosure. *Goswami v. Metropolitan Sav.*, 751 S.W.2d 487, 489 (Tex.1988). However, when the third party has a property interest, whether legal or equitable, that will be affected by such a sale, the third party has standing to challenge such a sale to the extent that its rights will be affected by the sale. *Id.* Ursic premises his ownership interest in the property on five deeds, all of which were recorded after the foreclosure sale.

Tex.Prop.Code Ann. § 13.001 (Vernon Supp.1991), provides that "a conveyance of real property or an interest in real property or a mortgage or deed of trust is void as to a creditor or to a subsequent purchaser for a valuable consideration without notice unless the instrument has been acknowledged, sworn to, or proved and filed for record as required by law." In the instant case, the substitute trustee's deed was recorded in San Patricio County on August 13, 1985. Ursic's deed was recorded on February 3, 1986. Moreover, the affidavit of Gary Wilson, then President and Chief Executive Officer of NBC, states that until the filing of the present lawsuit, neither he nor anyone at NBC knew that Ursic had any interest or claim in the property. Because none of Ursic's deeds was recorded until after the bank gave notice of

the foreclosure and held the sale, and the bank has shown that it had no actual knowledge of Ursic's interest, the bank was a bona fide purchaser of the property, and the subsequently recorded deeds were void as to the bank. Accordingly, Ursic's point of error is overruled, and the summary judgment is affirmed.