Sylvia **MARTINEZ,** Individually and as Next Friend of Adam Martinez, Amanda Martinez, and Kenny Andrew Martinez, Minors, and Andy Martinez, III and Anthony Martinez, Individually, Appellants,

v.

**WILLIAM C. FLORES, M.D.,** P.A., Appellee.

No. 13–92–222–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1993.

Rehearing Overruled Sept. 29, 1993.

Cage Wavell, Corpus Christi, for appellants.

Ronal Brin, Thomas Nye, Brin & Brin, Corpus Christi, for appellee.

Before KENNEDY, DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

KENNEDY, Justice.

Sylvia Martinez filed suit individually and as next friend of five children against a laboratory and some doctors, including William C. Flores. They alleged medical malpractice and sought damages for wrongful death. The trial court granted Flores summary judgment against Sylvia Martinez individually and as next friend of Andy, III; Anthony; and Amanda. We affirm.

Flores treated the decedent Andres Martinez for stomach ailments until May 13, 1989. Based on a laboratory report signed by another doctor, Flores had determined that decedent did not have stomach cancer. On November 22, 1989, decedent was diagnosed with stomach cancer. The biopsies on which Flores had relied were reexamined and showed previously unidentified evidence of malignancy. Andres Martinez died on May 15, 1991. Flores was cited and served in the suit on September 25, 1991.

Flores moved for summary judgment against appellants—Sylvia Martinez, individually, and as next friend of Amanda, Anthony, and Andy, III.[1] Appellants sought a continuance. The court denied the continuance, severed the appellants' claims against Flores from the claims of other plaintiffs and against other defendants, assigned a new case number to the severed claims, and granted judgment in the new case against appellants.

■ By point of error three, appellants contend that the trial court erred in granting summary judgment. Flores's unchallenged affidavit states that he last treated the decedent on May 13, 1989. No one disputes that the decedent died on May 15, 1991. The Medical Liability Insurance Improvement Act provides as follows:

> Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this subchapter applies to all persons regardless of minority or other legal disability.

TEX.REV.CIV.STAT.ANN. art. 4590i § 10.01 (Vernon Supp.1993). The decedent died more than two years after his last treatment by Flores. The original petition was filed well more than two years after Flores's last treatment. Absent some tolling, the statute

---

1. The motion did not address Sylvia Martinez in her capacity as next friend of Adam or Kenny

Andrew Martinez.

of limitations bars claims for malpractice against Flores.

■ The discovery rule does not apply here. The supreme court held that the Medical Liability Act abolished the discovery rule. *Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex.1985). The facts in *Morrison* are remarkably similar to the facts here. Chan last treated the decedent in February 1980, the decedent discovered a medical problem in September 1980, and the decedent sued in October 1982. The court held that the open courts provision of the Texas constitution would graft the discovery rule onto the Medical Liability Act only if the Act cut off the decedent's right to sue before the person had a reasonable opportunity to discover the wrong and bring suit. *Id.* at 207. Since the decedent discovered her condition with 18 months left to run under the Act's two-year period, the court held that her failure to file within two years barred her claims. *Id.* at 208; *see also Warner v. Sunkavalli,* 795 S.W.2d 326, 328–29 (Tex.App.—Eastland 1990, no writ) (discovering condition with 13 months left to run on two-year statute is a reasonable opportunity to discover the wrong and bring suit). Andres Martinez's claims, discovered with 18 months to run on the two-year statute, were likewise barred here.

■ Fraudulent concealment does not toll the statute here, either. A doctor has a duty to disclose a negligent act or the fact that an injury to the patient has occurred. *Borderlon v. Peck,* 661 S.W.2d 907 (Tex. 1983). Failure to disclose tolls the Medical Liability Act statute of limitations. *Id.* at 909. Because Flores established the limitations defense, the burden fell on appellants to produce evidence raising a fact issue regarding fraudulent concealment. *Sanchez v. Memorial Medical Center Hosp.,* 769 S.W.2d 656, 658 (Tex.App.—Corpus Christi 1989, no writ). Our review of the evidence submitted on summary judgment shows no such evidence.

■ The court correctly found that appellants' causes of action were time-barred. Survival and wrongful death causes of action are wholly derivative of the decedent's causes of action. *Russell v. Ingersoll–Rand Co.,* 841 S.W.2d 343, 346–352 (Tex.1992). For surviv-al and wrongful death causes of action to be viable, the decedent must have had viable causes of action at death. TEX.CIV.PRAC. & REM.CODE ANN. § 71.003 (Vernon 1986) (wrongful death); TEX.CIV.PRAC. & REM.CODE ANN. § 71.021 (Vernon 1986) (survival); *Id.* The one-year tolling of statutes for survival actions and the two-year statute of limitations for wrongful death actions cannot revive the decedent's causes of action which were themselves time-barred. TEX.CIV.PRAC. & REM.CODE ANN. § 16.062 (Vernon 1986) (survival); TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986) (wrongful death). Andres Martinez died more than two years after Flores last treated him. At his death, therefore, Andres Martinez had no viable cause of action under the Medical Liability Act. Appellants' derivative causes of action were thus barred. We overrule point three.

■ By point of error two, appellants complain that the court erred in not granting their motion for continuance prior to ruling on the motion for summary judgment. We review such rulings for clear abuses of discretion. *Villegas v. Carter,* 711 S.W.2d 624, 626 (Tex.1986). Courts view plaintiffs as less likely than defendants to need continuances to fend off summary judgment motions because plaintiffs have presumably investigated their own case. *Verkin v. Southwest Center One, Ltd.,* 784 S.W.2d 92, 95–96 (Tex.App.—Houston [1st Dist.] 1989, writ denied). The case was filed in September 1991. The motion for summary judgment was filed on November 21, 1991. Appellants filed their response and motion for continuance on December 9, 1991. In it, appellants' attorney stated by affidavit that little discovery and no depositions had occurred; he requested more time "to complete discovery to obtain additional evidence to fully respond to and defeat" the motion for summary judgment. He did not explain what discovery he wanted, why it had not yet occurred, why it could not occur before the submission date, or what it would prove. *See* TEX.R.CIV.P. 166a(g); *see also Wavell v. Roberts,* 818 S.W.2d 462, 466 (Tex.App.—Corpus Christi 1991, writ denied). The court denied the continuance and granted the summary judgment on December 16, 1991.

The clear bar against appellants' action and appellants' failure to articulate a specific basis for their motion justify the court's denial of the continuance. We see no abuse of discretion in the court's denial of the continuance. We overrule point two.

By point of error one, appellants argue that the trial court erred in granting a final summary judgment instead of an interlocutory summary judgment. Appellants misconstrue what happened to them. As part of the grant of the motion for summary judgment, the court severed appellants' causes of action against Flores from the remainder of the original cause No. 91–5218–G, made them part of a different cause (No. 91–6938–G), and ordered final judgment in the new case. It is from the new case, No. 91–6938, that appellants filed this appeal.

The court did not err in granting final judgment in this case. The court did not abuse its discretion in severing the instant causes from the main body of the original action. *See* Tex.R.Civ.P. 41; *see also Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex.1990); *Teer v. Duddlesten*, 664 S.W.2d 702, 704 (Tex.1984). Since the summary judgment disposed of all claims in the severed action between all parties, the judgment properly was final and not interlocutory. We overrule point one.

We affirm the judgment.