Richard Owen Taylor v. Valerie Annette Taylor, et al.















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-002-CV

     RICHARD OWEN TAYLOR,
                                                                              Appellant
     v.

     VALERIE ANNETTE TAYLOR,
                                                                              Appellee

AND IN THE INTEREST OF
Z.A.T., K.M.T. AND K.O.T., CHILDREN
 

From the 170th District Court
McLennan County, Texas
Trial Court # 99-2937-4
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Richard Owen Taylor has been incarcerated in a Texas prison since 1997, serving a forty-year
sentence for his participation in a murder committed during an armed robbery. Acting pro se, he
appeals from a “Final Summary Judgment” signed December 20, 2002.



      He originally brought fourteen issues on appeal. While the appeal was pending, he filed a
motion to dismiss those issues which deal with “the conservatorship provisions of the final
decree.” His former wife, Valerie Taylor, filed a letter response stating that she did not oppose
Taylor’s motion. Accordingly, we grant the motion and dismiss issues four, five, six and seven.
      Taylor has also filed a motion for leave to file a second notice of appeal pertaining to only
those issues not dismissed. That filing is unnecessary because the notice of appeal already filed
is sufficient to preserve the remaining issues for appellate review. Therefore we deny this motion.
      Taylor’s remaining issues are:
      1.   The trial court erred in denying his motion for continuance so he could conduct further
discovery.
 
      2.   The trial court erred in denying his claims for relief, because Valerie Taylor presented
no summary judgment evidence to defeat them.
 
      3.   The evidence of the grounds for divorce is legally and factually insufficient.

. . .
 
      8.   The trial court erred by refusing to rule on his pretrial discovery motions.
 
      9.   The trial court erred in the division of debts and of the marital estate.
 
      10. The trial court erred by awarding his separate property to Valerie.
 
      11. There is a genuine issue of material fact, precluding summary judgment, about whether
Valerie committed fraud concerning the marital estate.
 
      12. The trial court erred in denying his request for a jury trial and personal appearance.
 
      13. The trial court erred in denying his motion for new trial.
 
      14. The trial court erred in ordering that the costs assessed against him be withheld from his
prison trust fund account.

      By supplemental brief, Taylor raises a fifteenth issue which we will also address, i.e., that
the trial court erred by not making findings of fact and conclusions of law.
      We will affirm the judgment.
Standard of Review for Summary Judgment
      “Rule 166a provides a method of summarily terminating a case when it clearly appears that
only a question of law is involved and that there is no genuine fact issue.” Rhone-Poulenc, Inc.
v. Steel, 997 S.W.2d 217, 222 (Tex. 1999). The movant has the burden to prove by summary-judgment evidence that “there is no genuine issue as to any material fact and the moving party is
entitled to judgment as a matter of law on the issues expressly set out in the motion.” Tex. R.
Civ. P. 166a(c); Rhone-Poulenc, Inc., 997 S.W.2d at 222; Nixon v. Mr. Property Management
Co., 690 S.W.2d 546, 548 (Tex. 1985).
      We review a summary judgment de novo. Rucker v. Bank One Texas, N.A., 36 S.W.3d 649,
653 (Tex. App.—Waco 2000, pet. denied).
Issue 1: Continuance
      On December 11, 2002, Taylor filed a motion to continue a hearing set for December 20,
2002, at which various pending matters, including Valerie’s summary judgment motion, were to
be considered. Grounds asserted in the motion were that “there lacks a substantial amount of
discovery that [Valerie] has not provided [Taylor] either by objections or assertions of privilege. 
[Taylor] is unable to produce the evidence necessary to rebut the motion for summary judgment.
. . . [Taylor], being incarcerated, is unable to expeditiously obtain affidavits from witnesses for
a response to the motion for summary judgment . . . .” Taylor was not specific about what
discovery had not been produced, what affidavits he intended to obtain, and why discovery had
not been completed. On December 13, the trial court denied the motion, considering, inter alia,
Taylor’s lack of specificity, that Taylor had not filed a response to the motion for summary
judgment or a motion to late-file a response, and the length of time the case had been pending
(since September 1999).
      Whether to grant a motion for continuance is within the trial court’s discretion. Villegas v.
Carter, 711 S.W.2d 624, 626 (Tex. 1986). Generally, a trial court may grant a motion for
continuance “for sufficient cause.” Tex. R. Civ. P. 251, 252. Specifically, a trial court may
grant a motion for continuance to allow a party to a summary judgment proceeding to obtain
affidavits or conduct discovery. Tex. R. Civ. P. 166a(g). However, the movant must explain
how, not merely assert that, a continuance would enable him to obtain useful discovery. Blake
v. Lewis, 886 S.W.2d 404, 409 (Tex. App.—Houston [14th Dist.] 1994, no writ); Gabaldon v.
General Motors Corp., 876 S.W.2d 367, 370 (Tex. App.—El Paso 1993, no writ); Martinez v.
William C. Flores, M.D., P.A., 865 S.W.2d 194, 197-98 (Tex. App.—Corpus Christi 1993, writ
denied). The movant should also explain why discovery was not obtained earlier which would
have avoided the need for a continuance. Id. Taylor’s motion fails to meet either of these
requirements; rather, it is general and conclusory. Therefore, the trial court did not abuse its
discretion in denying the motion. Id.
      We overrule issue one.
Issue 2: Taylor’s Claims for Relief 
      Taylor complains that, in granting summary judgment, the trial court did not address some
of the claims he made in his second amended counter-petition. Specifically, he complains about
claims he made for the first time in the petition: (a) as grounds for divorce, Valerie committed
adultery, (b) for a permanent injunction preventing Valerie “from communicating with the Texas
Board of Pardons and Paroles or prison officials regarding false claims against [Taylor],” and (c)
for reimbursement regarding his separate property that Valerie “took, sold, destroyed, damaged,
and lost.” He says that Valerie’s motion for summary judgment and her summary judgment
evidence did not address these claims, and that the trial court could not grant a final summary
judgment without considering them.
      As for Taylor’s assertion that Valerie’s adultery is a ground for divorce which must be
addressed, the trial court already had before it Valerie’s three grounds: insupportability, living
apart, and felony conviction. Valerie presented summary judgment evidence of these grounds,
and the divorce decree granted the divorce on the grounds of “insupportability, living apart and
felony conviction.” Therefore, even if the trial court should have considered Taylor’s ground as
well, which we do not hold, he cannot show harm. The divorce was supported on other grounds,
and Taylor has not complained that the trial court abused its discretion because the property
division was not just and right. See Phillips v. Phillips, 75 S.W.3d 564, 572 (Tex.
App.—Beaumont 2002, no pet.); Tate v. Tate, 55 S.W.3d 1, 10 (Tex. App.—El Paso 2000, no
pet.).
      As for the request for injunctive relief, on November 26, 2002, the trial court issued an
“Order for Pretrial Conference” set for December 20. The Order directed the parties to submit,
before the conference, any documentary evidence and to be prepared to “[d]iscuss counsel’s theory
of the case, the legal issues, and points of law that must be passed on by the Court, and the facts
that are in dispute, the need for amendments to the pleadings, and the time within which they are
to be made.” On December 16, 2002, Taylor filed his second amended counterclaim raising, for
the first time, an issue about injunctive relief. Taylor filed no documentary evidence. He
appeared at the hearing on December 20 by telephone. He first addressed his discovery motions
and the trial court’s sua sponte motion for contempt. Then the court asked him: “Do you have
one other parting situation that you feel like is – is exceedingly important to your position this
morning?” Taylor responded by addressing his motion for continuance regarding Valerie’s
summary judgment motion. At no time during the hearing did anyone mention injunctive relief. 
Based on the exchanges at the hearing, Taylor’s failure to respond to the motion for summary
judgment, and the lack of any evidence supporting injunctive relief, the trial court did not err in
denying “all relief requested” by Taylor including his request for injunctive relief.
      As for Taylor’s complaint about property, there was summary judgment evidence from
Valerie about property and its ownership. Taylor presented no summary judgment evidence about
property she “took, sold, destroyed, damaged, and lost.” The record supports the trial court’s
disposition of the marital estate.
      We overrule issue two
Issue 3: Sufficiency of the Evidence for Divorce
      Taylor complains that the summary judgment evidence is legally and factually insufficient to
support the grounds for the divorce. Because this is a summary judgment case, we review for
whether there is a “genuine issue as to any material fact” regarding the grounds. Tex. R. Civ.
P. 166a(c); Rhone-Poulenc, Inc., 997 S.W.2d at 222.
      The decree of divorce states that the divorce is granted due to “insupportability, living apart
and felony conviction,” three grounds under the Family Code. Tex. Fam. Code Ann. §§ 6.001,
6.004, 6.006 (Vernon 1998). Thus, if there is no genuine fact issue as to any one of these
grounds, we will overrule Taylor’s issue.
      Valerie’s summary judgment evidence establishes, without contradiction, that Taylor (1) had
been convicted of a felony, (2) had been imprisoned for at least one year, and (3) had not been
pardoned. This fulfills the requirements of section 6.004 of the Family Code.
      Valerie’s summary judgment evidence establishes, without contradiction, that she and Taylor
had “lived apart without cohabitation for at least three years.” This fulfills the requirements of
section 6.006 of the Family Code.
      We find that the summary judgment evidence conclusively proved at least two of the grounds
pled, and therefore the trial court did not err in granting the divorce under either 6.004 or 6.006. 
We overrule issue three.
Issue 8: Taylor’s Pretrial Discovery Motions
      Taylor complains that the trial court refused to hear and failed to rule on his pretrial discovery
motions. However, the transcript of the hearing on December 20 at which Taylor appeared by
telephone shows that the trial court heard extensive argument by Taylor and opposing counsel
about the motions. Also, the record contains a “Pretrial Order” dated December 20, 2002, which
denies the discovery motions. Therefore, the record does not support Taylor’s complaint.
      We overrule issue eight.
Issue 9: Community Property 
      Taylor contends that, contrary to the trial court’s finding, there is community property, and
he is entitled to part of it. Valerie’s summary judgment evidence, which is the only summary
judgment evidence, includes in her affidavit that “[n]o community property other than personal
effects have been accumulated by the parties.” Taylor did not file objections to Valerie’s summary
judgment evidence. In the divorce decree, the trial court found that “no community property other
than personal effects has been accumulated by the parties. It is ordered and decreed that the
personal effects of the parties are awarded to the party having possession.” The summary
judgment evidence supports the trial court’s findings and its property division. Tex. R. Civ. P.
166a(c).
      We overrule issue nine.
Issue 10: Separate Property
      Taylor complains that, by awarding each party the property in his or her possession, the court
in effect awarded his separate property to Valerie. Again, we are limited in our review to the
summary judgment evidence on file at the time of the summary judgment. Tex. R. Civ. P.
166a(c), (d). All property owned at the dissolution of marriage is presumed community property. 
Tex. Fam. Code Ann. § 3.003 (Vernon 1998). Taylor offered no summary judgment evidence
to rebut this presumption. Under the summary judgment evidence, Taylor raised no genuine fact
issue about Valerie’s possession of his separate property. Tex. R. Civ. P. 166a(c); Rhone-Poulenc, Inc., 997 S.W.2d at 222.
      We overrule issue ten.
Issue 11: Fraud by Valerie
      Taylor claims that an answer to requests for admissions given by Valerie conflicted with her
summary judgment affidavit which said there was no community property. The request asked: “Is
it true that you utilized that 1997 income tax refund, which [Taylor] released to you, to purchase
a vehicle?” Valerie answered: “Admit in part. Some of the community property refund was used
to purchase a vehicle and some was released to the incarcerated respondent.” Taylor claims this
creates a fact issue about whether Valerie defrauded him regarding the marital estate, and thus
creates an issue about how the estate should have been divided. He relies on section 3.003
(formerly 5.002) of the Family Code: “(a) Property possessed by either spouse during or on
dissolution of marriage is presumed to be community property. (b) The degree of proof necessary
to establish that property is separate property is clear and convincing evidence.” Tex. Fam. Code
Ann. § 3.003.
      The answers to the requests, however, are not part of the summary judgment evidence. They
are not a part of the clerk’s record, and we presume they were never filed. They do appear in the
clerk’s record as an attachment to Taylor’s “Motion for Court Order Compelling Discovery in
Regards to Request for Admissions” filed on December 6, 2002. A trial court, however, may
consider “[d]iscovery products not on file with the clerk” only if the product or notice of them is
“filed and served on all parties together with a statement of intent to use the specified discovery
as summary judgment proof . . . .” Tex. R. Civ. P. 166a(d). Therefore, even if the answers
might have created a fact issue, the trial court could not consider them, nor may we. Id.
      We overrule issue eleven.
Issue 12: Denial of Jury Trial
      Taylor complains that, because there were genuine issues of material fact, summary judgment
was improper, and therefore he should have been granted a jury trial. Furthermore, he should
have been permitted to attend the trial in person.
      Because we have not found genuine issues of material fact, summary judgment was proper. 
Therefore, there was no need for a jury trial, nor for Taylor’s attendance.
      We overrule issue twelve.
Issue 13: Motion for New trial
      Taylor contends that the trial court erred by not granting his motion for new trial. The motion
was overruled by operation of law. The grounds in the motion are the same as the issues on which
Taylor appeals, as well as a claim of new evidence. He attached various documents to the motion
as new evidence.
      The trial court may grant a new trial. Id. The standard of review on appeal is abuse of
discretion. Director, State Emp. Wkrs’ Comp. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994)
(default judgment); Cliff v. Huggins, 724 S.W.2d 778, 778-79 (Tex. 1987) (default judgment);
Jackson v. Van Winkle, 660 S.W.2d 807, 809 (Tex. 1983) (bench trial). Every reasonable
presumption will be made on review in favor of orders of the trial court refusing new trials. 
Jackson, 660 S.W.2d at 809-10; Hartford Accident and Indemnity Co. v. Gladney, 335 S.W.2d
792, 795 (Tex. Civ. App.—Waco 1960, writ ref'd n.r.e.).
      Rule 166a requires the trial court to grant a motion for summary judgment if the court finds
the movant is entitled to judgment as a matter of law. Because we have found no error, Valerie
was entitled to judgment as a matter of law. This weighs heavily in favor of the trial court’s
decision to not grant a new trial.
      For the same reasons we overrule Taylor’s issues on appeal, we find that the trial court did
not abuse its discretion in denying the motion for new trial on these grounds.
      Addressing newly discovered evidence, the Texas Supreme Court has explained under what
circumstances it may warrant a new trial:
It is incumbent upon a party who seeks a new trial on the ground of newly discovered
evidence to satisfy the court first, that the evidence has come to his knowledge since the trial;
second, that it was not owing to the want of due diligence that it did not come sooner; third,
that it is not cumulative; fourth, that it is so material that it would probably produce a
different result if a new trial were granted. New Amsterdam Casualty Co. v. Jordan, 359
S.W.2d 864 (Tex. 1962); Texas Employers Insurance Association v. Moser, 152 S.W.2d 390,
395 (Tex. Civ. App.—San Antonio 1941, writ ref'd); In Re Y, 516 S.W.2d 199 (Tex. Civ.
App.—Corpus Christi 1974, writ ref'd n.r.e.). 

Jackson, 660 S.W.2d at 809.
      The attachments to the motion for new trial which are relevant to the summary judgment do
not pertain to new evidence, but rather to (a) excerpts from the clerk’s record of discovery
answers, (b) Taylor’s affidavit about matters he had known of before the summary judgment
proceeding, and (c) correspondence and prison records dated before the summary judgment
proceeding about which he had known before the proceeding. These do not meet the Jackson
criteria. Thus, the trial court did not abuse its discretion in denying the motion on this ground.
      We overrule issue thirteen.
Issue 14: Costs
      Taylor complains that the trial court erred in ordering that court costs assessed against him
be withheld from his prison trust fund account. He says the trial court had no authority to do so,
because the only statute allowing such action is under chapter fourteen of the Civil Practice and
Remedies Code pertaining to frivolous inmate litigation. Tex. Civ. Prac. & Rem. Code Ann.
§ 14.006 (Vernon 2002).
      The divorce decree says: “On receipt of a copy of the Court’s order issued,


 the Coffield (CO)
ID Prison shall withdraw money from the trust account in accordance with the above order. The
Coffield (CO) ID Prison shall hold the money in a separate account and shall forward the money
to the McLennan County District Clerk.”
      We have not found any authority that would allow the trial court to order what amounts to a
garnishment of Taylor’s prison trust account. There are no administrative regulations of the Texas
Department of Criminal Justice which address inmate trust funds. 37 T.A.C. pt. VI (West 1999). 
In addition, there is no statute authorizing the trial court’s order. Accordingly, we find an abuse
of discretion and will delete that provision without disturbing the trial court’s assessment of costs.
      We sustain issue fourteen.
Issue 15: Findings of Fact and Conclusions of Law
      In his final issue, Taylor complains that the trial court failed to file findings of fact and
conclusions of law. The divorce decree was based on the summary judgment. A request for
findings of fact and conclusions of law is not appropriate for summary judgment proceedings, and
the trial court does not err by failing to file them. IKB Industries v. Pro-Line Corp., 938 S.W.2d
440, 441-42 (Tex. 1997); Linwood v. NCNB Tex., 885 S.W.2d 102, 103 (Tex. 1994); Farroux v.
Denny’s Restaurants, Inc., 962 S.W.2d 108, 111 (Tex. App.—Houston [1st Dist.] 1997, no pet.);
West Columbia Nat'l Bank v. Griffith, 902 S.W.2d 201, 204 (Tex. App.—Houston [1st Dist.]
1995, writ denied). The trial court should not make, nor an appellate court consider, findings of
fact and conclusions of law in connection with a summary judgment. IKB Industries, 938 S.W.2d
at 441-42.
      We overrule issue fifteen.
Conclusion
      We reform number “10" on page twenty-eight of the divorce decree on “Court Costs” by
deleting all language after the first paragraph. As reformed, and having overruled Taylor’s other
issues, we affirm the Final Summary Judgment.

                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and
      Judge Strother (Sitting by Assignment)



Affirmed as reformed
Opinion delivered and filed December 31, 2003
[CV06]