

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## NUMBER 13-12-00474-CV

CHARLIE O. BURNETT III,                                        Appellant,

v.

BANK OF NEW YORK MELLON F/K/A THE BANK
OF NEW YORK, AS TRUSTEE OF THE CERTIFICATE
HOLDERS OF THE CWABS, INC., ASSET-BACKED
CERTIFICATES, SERIES 2006-18,                                Appellee.

On appeal from the County Court at Law No. 5
of Nueces County, Texas.

## NUMBER 13-12-00753-CV

CHARLIE O. BURNETT III,                                        Appellant,

v.

BANK OF NEW YORK MELLON F/K/A THE BANK
OF NEW YORK, AS TRUSTEE OF THE CERTIFICATE
HOLDERS OF THE CWABS, INC., ASSET-BACKED
CERTIFICATES, SERIES 2006-18,                                Appellee.

On appeal from the 214th District Court

# MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Rodriguez and Garza
## Memorandum Opinion by Justice Rodriguez

On February 13, 2014, this Court rendered its decisions in these appeals by memorandum opinion. Appellant filed a motion for rehearing and a motion for rehearing en banc reconsideration in each appeal on February 28, 2014. We deny the motions; however, we withdraw our previous memorandum opinion and judgments and issue this memorandum opinion and the related judgments in their stead.

This memorandum opinion addresses two appeals that involve the same real property located at 914 Ashland Drive in Corpus Christi, Texas (the Property). Appellate cause number 13-12-00474-CV (*Burnett I*) involves a forcible detainer action filed by appellee Bank of New York Mellon f/k/a the Bank of New York, as Trustee for the Certificate Holders of the CWABS, Inc., Asset-backed Certificates, Series 2006-18 (the Bank) against appellant Charlie O. Burnett III, pro se. *See* TEX. PROP. CODE ANN. §§ 24.001–.008 (West 2000 & West Supp. 2013) (providing statutory remedies for removing tenants, specifically suits for forcible entry and detainer and eviction). The county court rendered a judgment of possession in favor of the Bank, and Burnett appealed. By six issues, Burnett contends that (1–3) the trial court lacked jurisdiction because the Bank had no standing to bring a forcible detainer action seeking possession of the Property;

(4–5) the trial court erred in failing to grant his motion to correct the final judgment and in denying his request for discovery; and (6) this Court should accept his asseveration of the record.

Appellate cause number 13-12-00753-CV (*Burnett II*) involves an action to quiet title of the Property filed by Burnett against the Bank. The district court entered a summary judgment in favor of the Bank, and Burnett appealed. By three issues, Burnett contends that the trial court erred (1) in failing to allow adequate time for discovery before granting the Bank's no-evidence motion for summary judgment; (2) in failing to grant a continuance before granting the Bank's no-evidence and traditional motions for summary judgment; and (3) in finding no disputed issues of material fact that precluded summary judgment.

We affirm both judgments.

## I. BACKGROUND

### A. Foreclosure

On August 15, 2006, Vickie Heiman obtained a $103,410.00 loan from Countrywide Home Loans, Inc. (Countrywide), the original lender, to purchase the Property. The deed of trust, executed by the grantors, Vickie and Jason Heiman, granted a security interest in the Property. The deed of trust defined Mortgage Electronic Registration Systems, Inc. (MERS), a beneficiary under the deed of trust, as "a separate corporation that [was] acting solely as a nominee for [Countrywide] and [Countrywide]'s successors and assigns." The deed of trust set out the following:

> The beneficiary of this [deed of trust] is MERS (solely as nominee for [Countrywide] and [Countrywide]'s successors and assigns) and the successors and assigns of MERS. This [deed of trust] secures to

3

[Countrywide]: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this [deed of trust] and the Note. . . . Borrower understands and agrees that MERS holds only legal title to the interest granted by Borrower in this [deed of trust], but, if necessary to comply with law or custom, MERS (as nominee for [Countrywide] and [Countrywide]'s successors, and assigns) has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender . . . .

On April 28, 2011, MERS assigned all beneficial interest it held in the deed of trust, "together with the note or notes therein described" and "all rights accrued or to accrue under said deed of trust," to the Bank.

Vickie subsequently defaulted on her mortgage payments, and on June 7, 2011, the Bank foreclosed on the Property. A substitute trustee's deed provided the following: (1) the grantors/mortgagors were Vickie and Jason Heiman; (2) the original mortgagee was MERS; (3) the current mortgagee was identified as the Bank; (4) the grantee/buyer was the Bank; and (5) the date of the sale of the Property from the Heimans to the Bank was June 7, 2011.

**B. Forcible Detainer Action Filed by the Bank**

On October 19, 2011, the Bank filed suit for forcible detainer in the Justice Court, Precinct 2, Nueces County, Texas. The Bank sought possession as against Burnett, who refused to vacate the Property, where he was living at that time. On October 28, 2011, the justice court entered an order granting the Bank possession of the premises. Burnett appealed to County Court at Law Number 5 in Nueces County, Texas. On April 25, 2012, after hearing argument on Burnett's motion to dismiss, the county court determined that Burnett had not shown a title issue that would deprive it of jurisdiction,

4

and after receiving evidence, the county court granted the Bank a judgment for possession of the property.[1]  Burnett appealed.

## C.  Quiet Title Action Filed by Burnett

On October 27, 2011, one day before the justice court entered its order of possession, Burnett filed an original petition in trespass to try title in the 214th Judicial District Court of Nueces County.  When he amended his petition on March 6, 2012, Burnett converted his trespass to try title action to an action to quiet title.  On March 29, 2012, Jason executed a quitclaim deed to Burnett for his interest in the Property.[2]

On July 24, 2012, the Bank filed a motion for traditional and for no-evidence summary judgment in Burnett's action to quiet title, asserting the following grounds:  (1) Burnett was a stranger to the note and deed of trust and lacked standing to challenge the loan documents, assignments, or foreclosure; (2) Burnett's claims were based entirely on "show-me-the-note" theories, which have been rejected by Texas and federal courts; and (3) any purported leasehold or quit-claim interest asserted by Burnett was subject to being extinguished by the foreclosure of the Bank's purchase money deed of trust.  In support of its motion, the Bank attached Burnett's amended petition and the affidavit of Krysta Clark, an assistant vice-president at the Bank.  Among other things, Clark's affidavit established the following documents as business records and attached them in support of the Bank's motion:  (1) the August 15, 2006 promissory note; (2) the August 15, 2006

---

[1] The Bank offered and the county court admitted, without objection, the following exhibits:  (1) the deed of trust; (2) the substitute trustee's deed; and (3) a business records affidavit that indicated that proper notice of the sale was given.

[2] Burnett recorded the quitclaim deed in the official public records of Nueces County, Texas on August 22, 2012.

deed of trust; (3) an assignment of the deed of trust/mortgage to the Bank by MERS; and (4) the substitute trustee's deed that set out the details of the June 7, 2011 foreclosure sale.

Burnett filed a verified response urging that the Bank had "no standing whatever to proceed against [Burnett] in collection against the subject real property at issue in this case." He asserted that the Bank had no standing because it did not own any note or deed of trust respecting the Property. Burnett asked the trial court to grant him a reasonable time of ninety days to conduct "relevant and appropriate discovery" and to continue the summary judgment proceedings pending completion of discovery. Burnett claimed that he needed "adequate and reasonable discovery so as to afford [him] sufficient discovery of the true facts showing that [the Bank] cannot proceed in this case and prevail on the said pending MSJ." He asked the trial court for sufficient time "to conduct discovery in order to properly and fully defend against the pending MSJ." Burnett explained that, among other issues, he was

> convinced that [the Bank] does not have lawful standing to bring this action on several bases, including but not limited to, any ownership in the underlying real property which it is alleged to have acquired from MERS who did not and does not and never has had any ownership interest in either the Note and/or DOT.

Burnett also objected to the Bank's summary judgment evidence, specifically to Clark's affidavit and the exhibits attached to her affidavit. He challenged purported facts set out in the affidavit and argued that Clark's affidavit was incompetent. Burnett also objected and excepted to facts alleged by the Bank in its motion and argued that his quitclaim title to the property was superior to the Bank's title, a fact he claims to have established through the following language in his affidavit which he attached to his

6

response: "I hereby swear that the Responses, and Answers, facts and circumstances and argument set out in the foregoing Response are made by me from my personal knowledge, are made under penalties of perjury and are true and correct." In support of his response, Burnett attached the March 29, 2012 deed from Jason to "Charlie O. Burnett III, Trustee, his heirs and assigns," quitclaiming "all of [Jason's] rights, title and interest in and to" the Property.

The Bank replied, challenging Burnett's motion for continuance and responding to Burnett's objections to the Bank's summary judgment evidence. The Bank also objected to Burnett's summary judgment evidence, specifically to Burnett's "use of verified 'factual' statements in the Response itself as summary judgment evidence." In support of its argument, the Bank cited, among other cases, *Hidalgo v. Surety Savings & Loan Ass'n* for the proposition that a party cannot rely on factual statements contained in its own response as summary judgment proof, even if the response is verified. *See* 462 S.W.2d 540, 545 (Tex. 1971). The Bank repeated its grounds for summary judgment and replied to Burnett's response, asserting that his claim that MERS cannot assign the deed of trust has been rejected in Texas and that the Bank is the holder of the Note and the record assignee of the deed of trust with authority to foreclose under the Texas Property Code.

On September 18, 2012, the trial court granted the Bank's motion on both traditional and no-evidence grounds. By granting the motion, the trial court implicitly denied Burnett's request for additional time to conduct discovery and overruled both parties' objections to the evidence. *See* TEX. R. APP. P. 33.1(a)(2)(A). Burnett appealed this judgment.

7

## II. THE BANK'S FORCIBLE DETAINER ACTION (*BURNETT I*)

### A. Jurisdiction

The first three issues in Burnett's appeal from the judgment entered in the Bank's forcible detainer action challenge the jurisdiction of the county court. By his first issue, Burnett contends that the Bank lacked standing to invoke the jurisdiction of the county court because there were mixed issues of title and possession. In his second issue, Burnett asserts that the trial court erred when it "denied facts and documents" that were before it because they "clearly display[ed] mixed issues of title and possession." Burnett claims by his third issue that the court erred when it denied his assertion that the Bank failed to prove the requisite chain of documents showing standing to seek possession.

The Bank offered the substitute trustee's deed as evidence, and the county court admitted it without objection. The substitute trustee's deed identified the Bank as the mortgagee that purchased the Property from the Heimans at the foreclosure sale on June 7, 2011. The Bank also offered, and the court admitted without objection, the deed of trust executed by the Heimans. It provided that if the property was sold under the deed of trust,

> Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

By this provision, the Heimans agreed that they would become tenants at sufferance if they did not immediately surrender possession of the property upon its being sold at a nonjudicial foreclosure sale. And Burnett, who occupied the property at the time of the foreclosure, was at best a tenant at sufferance because at the hearing on the

forcible detainer action he offered no evidence in his defense of any legally enforceable agreement to establish otherwise. *See Fandey v. Lee*, 880 S.W.2d 164, 169 (Tex. App.—El Paso 1994, writ denied) (op. on reh'g) ("In the absence of a legally enforceable agreement, such as a lease or rental agreement or a contract to sell, an occupier of premises is at best a tenant at sufferance and at worst a trespasser.").

Given the deed-of-trust provision and the facts set out in the substitute trustee's deed, the relationship between the Bank and Burnett became that of landlord and tenant once the Bank acquired the Property at the foreclosure sale and Burnett refused to vacate it. This relationship provided a basis for determining possession without resolving the issue of title to the property. *See Lopez v. Sulak*, 76 S.W.3d 597, 604–05 (Tex. App.—Corpus Christi 2002, no pet.) (explaining that the litigant pursuing the forcible entry and detainer suit need not prove that it has title to the property; rather, it need only show sufficient evidence of ownership to demonstrate a superior right to immediate possession); *see also Rodriguez v. Citimortgage*, No. 03-11-00093-CV, 2011 WL 182122, at *2 (Tex. App.—Austin Jan. 6, 2011, no pet.) (mem. op.) (concluding that a substitute trustee's deed, deed of trust, and notices to vacate constituted sufficient evidence to establish superior right of possession post-foreclosure). Because the Bank provided a basis for determining its superior right to possession of the Property and the county court was not required to determine the issue of title to resolve the right to immediate possession, the county court did not lack jurisdiction to determine possession. This argument fails.

Burnett also informs this Court that he "clearly appraised the [county] court orally and in writing that a title dispute was then pending before the 214th District Court." Yet

9

"a forcible detainer action is not exclusive, but cumulative, of any other remedy that a party may have in the courts of this state, [and] the displaced party is entitled to bring a separate suit in the district court to determine the question of title." *Villalon v. Bank One*, 176 S.W.3d 66, 68–71 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (citing *Scott v. Hewitt*, 127 Tex. 31, 90 S.W.2d 816, 818–19 (1936); *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 558 (Tex. App.—San Antonio 2001, pet. dism'd) (op. on reh'g); *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.)). In other words, "[f]orcible detainer actions in justice courts may be brought and prosecuted concurrently with suits to try title in district court." *Id.* (citing *Dormady*, 61 S.W.3d at 558; *Pinney*, 51 S.W.3d at 709). Without more, we are not convinced by Burnett's suggestion that a quiet title action filed in district court removes jurisdiction from the county court where a forcible detainer action on the same property has been filed.

Finally, Burnett asserts that his alleged title dispute would obviate the jurisdiction of the county court. The basis for this argument appears to be Burnett's attack on the validity of the process through which the Bank acquired the property, specifically MERS' ownership interest and its role in the assignment. Again, this argument is not persuasive.

In a forcible detainer action, "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated." TEX. R. CIV. P. 746; *Villalon*, 176 S.W.3d at 68–71 (citing *Ward v. Malone*, 115 S.W.3d 267, 270 (Tex. App.—Corpus Christi 2003, pet. denied)). "To prevail in a forcible detainer action, a plaintiff is not required to prove title but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Villalon*, 176 S.W.3d at 68–71 (citing *Pinney*, 51 S.W.3d at 709)); *see Dormady*, 61 S.W.3d at 559.

10

We have already concluded that the landlord-tenant relationship established in the deed of trust provided a basis for the county court to determine that the Bank had the right to immediate possession without resolving whether the Bank wrongfully foreclosed on the property. In this forcible detainer action, where the merits of the Bank's title "shall not be adjudicated," *see* TEX. R. CIV. P. 746, Burnett has not established that the right to immediate possession required the resolution of any title dispute. *See Falcon v. Esignia*, 976 S.W.2d 336, 338 (Tex. App.—Corpus Christi 1998, no pet.) ("[S]pecific evidence of title dispute is required to raise an issue of a justice court's jurisdiction. . . . Without the Falcons having presented specific evidence [of their valid claim to title in the property] to raise a genuine title dispute, the jurisdiction of the court was never at issue."); *see also Yarto v. Gilliland*, 287 S.W.3d 83, 93 (Tex. App.—Corpus Christi 2009, no pet.) (concluding that "'specific evidence' of a title dispute exists when . . . the party has asserted a basis for title ownership that is not patently ineffective under the law and is intertwined with the issue of immediate possession.").

We overrule the first three issues in *Burnett I*.

**B.  Burnett's Motion for Correction of Final Judgment**

By his fourth issue, Burnett complains that the trial court erred when it failed to grant his motion for correction of the final judgment. Burnett asserts that the trial court should have included, in the judgment, its denials of his motions to dismiss the Bank's action. Burnett claims that the trial court's failure to correct its judgment to include its denials of his motions to dismiss prejudiced him because he was left without any opportunity to have this Court review his motions and the trial court's denial of the motions. However, Burnett does not provide appropriate citations to authorities and to

11

the record for this contention, and we conclude that the argument he brings on appeal is inadequately briefed. *See* TEX. R. APP. P. 38.1(i). Moreover, the final judgment did address Burnett's motions to dismiss when it set out that "[a]ll further relief is hereby denied. This judgment finally disposes of all parties and all claims." Burnett could have brought substantive appellate issues related to the trial court's denials of his motions to dismiss, but did not do so. We overrule the fourth issue in *Burnett I*.

## C. Burnett's Discovery Request

By his fifth issue, Burnett contends that the trial court erred when it denied his request for discovery. Burnett electronically filed a motion for continuance on December 25, 2011 that was based, in part, on his need to conduct discovery. However, the trial court did not deny this motion. Instead, it granted Burnett's motion, which, in effect, allowed for the continuance of discovery. This argument is, therefore, unfounded. We overrule the fifth issue in *Burnett I*.

## D. Burnett's Use of Asserveration to Verify Record Documents

By his sixth and final issue in *Burnett I*, Burnett asks this Court to accept his use of asserveration, an affirmation without an oath, in the acknowledgement and verification of several documents contained in the record. The Bank does not challenge any record documents on this basis, and we need not reach this issue. *See* TEX. R. APP. P. 47.1.

### III. BURNETT'S ACTION TO QUIET TITLE
### (*BURNETT II*)

## A. Burnett's Motion for Continuance

By his first and second issues in Burnett's appeal of the summary judgment entered against him in his quiet-title action, Burnett contends that the trial court abused

12

its discretion when it denied him additional time for discovery before ruling on the Bank's motions for summary judgment. Burnett claims that he offered a reasonable reason for continuance in order to perform adequate discovery.

### 1. Applicable Law and Standard of Review

The trial court may order a continuance of a summary-judgment hearing if it appears "from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition." TEX. R. CIV. P. 166a(g). "No application for a continuance shall be heard before the defendant files his defense, nor shall any continuance be granted except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." *Id.* R. 251.

> If the ground of such application be the want of testimony, the party applying therefor shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony, stating such diligence, and the cause of failure, if known; that such testimony cannot be procured from any other source.

*Id.* R. 252.

A party cannot simply complain that additional discovery is required and describe in a conclusory fashion the additional discovery he believes is needed; the party must also explain the substance of the requested discovery and how the discovery would aid him in responding to the summary judgment motion. *See Retzlaff v. Mendieta-Morales*, 356 S.W.3d 676, 681 (Tex. App.—El Paso 2011, no pet.); *Brown v. Brown*, 145 S.W.3d 745, 749 (Tex. App.—Dallas 2004, pet. denied) (affirming the denial of a request for continuance where the appellant failed to explain his need for further discovery); *Martinez v. Flores*, 865 S.W.2d 194, 197–98 (Tex. App.—Corpus Christi 1993, writ denied) (determining that a request for more time "to complete discovery" was not sufficient).

13

The party must also present affidavit evidence showing due diligence. *See* TEX. R. CIV. P. 252; *Risner v. McDonald's Corp.*, 18 S.W.3d 903, 909 (Tex. App.—Beaumont 2000, pet. denied).

We employ an abuse of discretion standard to review a trial judge's discovery rulings. *See Gen. Tire, Inc. v. Kepple*, 970 S.W.2d 520, 526 (Tex. 1998). A trial court's discretion to grant or deny a motion for continuance is broad. *Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630, 635 (Tex. 1986) (op. on reh'g). We review a trial court's denial of a motion for continuance on a case-by-case basis to evaluate whether the trial court committed a clear abuse of discretion. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). Such an abuse of discretion exists if the trial court's action was arbitrary and unreasonable, and reversal of a trial court's decision to deny the continuance is warranted only if the record clearly reflects that there has been a disregard of a party's rights. *See Yowell*, 703 S.W.2d at 635.

### 2. Discussion

In his response to the Bank's motion for traditional and no-evidence summary judgment, Burnett sought a continuance to conduct "relevant and appropriate discovery." But he did not explain the need for additional discovery, its substance, or how the additional discovery would aid in the preparation of his summary-judgment response. *See* TEX. R. CIV. P. 252; *Retzlaff*, 356 S.W.3d at 681; *Brown*, 145 S.W.3d at 749. The reasons Burnett submitted for the continuance were that he needed additional time to conduct adequate and reasonable discovery "so as to afford [himself] sufficient discovery of the true facts showing that [the Bank] cannot proceed in this case and prevail on the said pending MSJ." Burnett set out that he needed more time to conduct discovery in

14

order to "properly and fully defend against the pending MSJ." Burnett asserted, in a conclusory fashion, that he was convinced that the Bank did not have lawful standing to bring its action; i.e., that it had no ownership in the property because MERS had no ownership interest in it. Burnett did not explain how further discovery would aid him in responding to the summary judgment motion on this matter.

In his appellate brief, Burnett claims that he presented the following reasons in support of his request for leave to conduct further discovery: (1) time to make inquiries to develop statements in Clark's affidavit; (2) time to depose the appropriate officers of MERS, the Bank, and Bank of America; (3) time to determine the true nature of alleged facts and circumstances set out in various paragraphs of the Bank's motion; and (6) time to determine the nature of the assignment of the note. Without citing the record, Burnett asserts that he specifically identified these reasons in his response to the Bank's motion for summary judgment. We have reviewed the record and find that Burnett made only general arguments in support of his request for leave to conduct additional discovery. While Burnett objected to the Bank's summary judgment evidence and factual allegations because he needed more time to determine the true nature of certain alleged facts and circumstances, he did not identify, in any detail, the additional discovery he now identifies, its substance, or how the additional discovery would aid in responding to the summary judgment motion. *See* TEX. R. CIV. P. 251, 252; *Retzlaff*, 356 S.W.3d at 681; *Brown*, 145 S.W.3d at 749. And Burnett provided no affidavit evidence showing due diligence; for example, his attempts to secure discovery of the evidence or why he was unable to obtain

15

the testimony earlier.[3]   *See* TEX. R. CIV. P. 252; *Risner*, 18 S.W.3d at 909.

In the absence of an explanation of the need for additional discovery, its substance, and Burnett's due diligence in this matter, we cannot say that the trial court clearly abused its discretion when it implicitly denied Burnett's request for a continuance of the summary-judgment proceedings to allow for discovery.   *See Two Thirty Nine Joint Venture*, 145 S.W.3d at 161; *Kepple*, 970 S.W.2d at 526.   The record does not clearly reflect that there has been a disregard of Burnett's rights.   *See Yowell*, 703 S.W.2d at 635.   We overrule Burnett's first and second issues in *Burnett II*.

## B.   The Bank's No-Evidence Motion for Summary Judgment

By his third issue, Burnett contends that the trial court erred in granting summary judgment in the Bank's favor because there are several disputed issues of material fact. Relevant to the disposition of this issue, Burnett challenges the Bank's claim that he produced no evidence of a properly-recorded interest in the Property.   The Bank responds, arguing that the trial court properly granted its no-evidence motion for summary judgment because Burnett provided no evidence that he held any ownership interest in the Property on or before June 7, 2011, the date of the foreclosure, and in fact, Burnett's own summary judgment evidence, the quitclaim deed dated March 29, 2012, conclusively established that Burnett did not receive his interest, if any, until after the Bank foreclosed on the property.   We agree with the Bank.

### 1.   Standard of Review

We review a trial court's ruling on a summary judgment motion de novo.   *Travelers*

---

[3] The Bank filed its motion for summary judgment on July 24, 2012, approximately nine months after Burnett filed his lawsuit.   Neither party directs this Court to any written discovery propounded or depositions noticed during that period.

*Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Alejandro v. Bell*, 84 S.W.3d 383, 390 (Tex. App.—Corpus Christi 2002, no pet.). A no-evidence motion must specifically state the elements for which there is no evidence. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The burden then shifts to the non-movant to produce evidence raising a genuine issue of material fact on the elements specified in the motion. TEX. R. CIV. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *see City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). We will affirm a no-evidence summary judgment if the record shows one of the following: (1) there is no evidence on the challenged element; (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove the challenged element; (3) the evidence offered to prove the challenged element is no more than a scintilla, or (4) the evidence conclusively establishes the opposite of the challenged element. *City of Keller*, 168 S.W.3d at 810.

When, as here, the district court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *Beck v. Law Offices of Edwin J. (Ted) Terry, Jr., P.C.*, 284 S.W.3d 416, 425 (Tex. App.—Austin 2009, no pet.) (citing

*State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993)). And where, as here, a party moves for both no-evidence and traditional summary judgment, the appellate court typically first reviews the trial court's ruling under the no-evidence standard of review. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the trial court properly granted the no-evidence motion, the appellate court will not consider arguments Burnett raised in response to the Bank's traditional summary judgment motion. *See id.*

### 2. Applicable Law

To prevail in a suit to quiet title, a plaintiff must prove: (1) he has an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *See, e.g., Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied); *see also U.S. Nat'l Bank Ass'n v. Johnson*, No. 01–10–00837–CV, 2011 WL 6938507, at *3 (Tex. App.— Houston [1st Dist.] Dec. 30, 2011, no pet.) (mem. op.). "[T]o contest a bank's foreclosure of a deed of trust, a party must, at the time of the foreclosure, either (1) be the mortgagor under the deed of trust or be in privity with the mortgagor, or (2) have an ownership interest in the property affected by the foreclosure." *Ursic v. NBC Bank S. Tex., N.A.*, 827 S.W.2d 334, 336 (Tex. App.—Corpus Christi 1991, writ denied) (citing *Goswami v. Metropolitan Sav.*, 751 S.W.2d 487, 489 (Tex. 1988)). And the plaintiff must recover on the strength of his own title, not on the weakness of his adversary's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.) (citing *Alkas v. United Sav. Ass'n of Tex., Inc.*, 672 S.W.2d 852, 857 (Tex. App.—Corpus Christi 1984, writ ref'd n.r.e.)). He "must allege right, title or ownership in himself with sufficient

18

certainty to enable the court to see that plaintiff has a right of ownership that will warrant judicial interference." *Ellison v. Butler*, 443 S.W.2d 886, 888–89 (Tex. Civ. App.—Corpus Christi 1969, no writ); *see Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied). The plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief. *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 387–88 (Tex. App.—Houston [1st Dist.], pet. denied) (op. on reh'g); *Ellison*, 443 S.W.2d at 888–89.

### 3. Discussion

Burnett's lawsuit to quiet title challenged the Bank's June 7, 2011 foreclosure sale. Yet the Bank's no-evidence motion addressed Burnett's right of ownership in the property. Specifically, the Bank asserted that Burnett could provide no evidence of an ownership interest in the Property at the time of the foreclosure sale.

Burnett's sole piece of summary judgment evidence filed in response to the Bank's motion consisted of a quitclaim deed from Jason, one of the mortgagors under the deed of trust. That quitclaim deed was executed on March 29, 2012, more than nine months after the June 7, 2011 foreclosure sale. The quitclaim deed was recorded in the official public records of Nueces County, Texas on August 22, 2012, more than fourteen months after the June 7, 2011 foreclosure sale. Although Burnett now asserts that this recorded quitclaim deed renders the Bank's assertions of his inability to produce a properly recorded quitclaim deed false, that is not the relevant consideration in this standing issue. The relevant consideration is not whether Burnett produced a recorded quitclaim deed; it is whether Burnett produced evidence showing that he held any ownership interest in the

19

Property at the time of foreclosure.[4]

Burnett's evidence established only that he acquired an interest, if any, in the Property on March 29, 2012, which was after the foreclosure and after he filed his suit and amended it to a quiet title action. Considering this evidence in the light most favorable to Burnett, crediting evidence favorable to Burnett if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not, *see Fielding*, 289 S.W.3d at 848; *City of Keller*, 168 S.W.3d at 827, we conclude there was no evidence or no more than a scintilla of evidence that Burnett held any ownership interest in the Property at the relevant time. *See City of Keller*, 168 S.W.3d at 810. We cannot conclude from this quitclaim deed that Burnett has raised a fact issue regarding his standing to contest the Bank's foreclosure of the deed of trust or that Burnett has shown that he has an interest in the property, such that he could prevail on a suit to quiet title. *See Ernst & Young*, 51 S.W.3d at 577; *Spoljaric*, 708 S.W.2d at 434. The evidence, instead, conclusively establishes the opposite—that Burnett held no interest in the

---

[4] On October 4, 2013, Burnett filed a reply brief in the *Burnett II* appeal. In support of that brief, Burnett attached his affidavit executed on or about October 3, 2013. In his affidavit, Burnett set out, in part, the following: "On or about October 2010, I entered into an agreement with Jason Heiman, to lawfully acquire and enjoy his rights, benefits, interest and ownership in the [Property]." And in his appellate briefing, without citation to the record, Burnett alleged that he received a verbal commitment from Jason to give Burnett the property before the Bank filed its forcible detainer action in justice court. On October 22, 2013, the Bank filed a motion to strike Burnett's affidavit. We carried that motion with the case on October 23, 2013.

In an appeal of a summary judgment, an appellate court may not consider documents attached to a party's brief that are not part of the appellate record. *Canton-Carter v. Baylor College of Medicine*, 271 S.W.3d 928, 932 n.2 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see Guajardo v. Conwell*, 46 S.W.3d 862, 864 (Tex. 2001) (per curiam). Here, it is undisputed that Burnett's affidavit, dated more than one year after the trial court granted summary judgment, was not filed in the trial court. And it is not part of the appellate record. Instead, Burnett attached his affidavit to his brief. Because the affidavit is not part of the appellate record, we may not now consider it in our review. *See Canton-Carter*, 271 S.W.3d at 932 n.2; *see also Guajardo*, 46 S.W.3d at 864. Accordingly, we grant the Bank's October 22, 2013 motion to strike, and we strike Burnett's October 3, 2011 affidavit from the record.

property at the time of the foreclosure sale, and that Burnett's interest, if any, was acquired later.   *See City of Keller*, 168 S.W.3d at 810.

Based on the evidence filed by Burnett in support of his response, we conclude that the trial court did not err in finding that no fact issue existed on the Bank's no-evidence point and in granting the Bank summary judgment on this basis.   Because the trial court properly granted the Bank's no-evidence motion on this basis and did not specify the ground relied on for its ruling, we need not consider Burnett's remaining arguments related to the no-evidence motion, *see Beck*, 284 S.W.3d at 425, or any arguments regarding the traditional summary judgment motion.   *See Ridgway*, 135 S.W.3d at 600; *see also* TEX. R. APP. P. 47.1.   We overrule Burnett's third issue in *Burnett II*.

## IV.   CONCLUSION

We affirm the judgments of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 20th
day of March, 2014.